UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62187-CIV-LENARD

GUCCI AMERICA, INC.,
a New York corporation,

        Plaintiff,

  v.

JIAN YONG LIU and DOES 1-10,

        Defendants.

_____/

**DECLARATION OF STEPHEN M. GAFFIGAN
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION**

I, Stephen M. Gaffigan, declare and state as follows:

1.    I am an attorney for Plaintiff, Gucci America, Inc. ("Gucci" or "Plaintiff") in the above captioned action. I am duly authorized and licensed to practice law before all courts in the State of Florida, the Southern and Middle District Courts of Florida, the Eastern District of Michigan, the Northern District of Illinois, the District of Colorado, the Eleventh Circuit Court of Appeals, and the Federal Circuit Court of Appeals. I submit this declaration in support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Order Authorizing Alternate Service of Process (the "*Ex Parte* Application"). I make this declaration of my own personal knowledge and, if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

2. Prior to filing this action, I accessed and used the fully interactive, commercial Internet websites existing under the domain names listed in Schedule "A" to Plaintiff's *Ex Parte* Application (collectively the "Subject Domain Names"). The websites advertise and offer for sale handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings bearing the various Gucci trademarks at issue in this action. Upon accessing the websites, I was able to browse the online stores for products bearing Gucci's trademarks, add products to the online shopping carts, proceed to a point of checkout, and otherwise actively exchange data with the websites. True and correct copies of the relevant pages from the Internet websites operating under the Subject Domain Names are attached hereto as Composite Exhibit "1."[1]

---

[1] I personally observed the Internet website operating under the Subject Domain Name honeygucci.com redirects to the website operating under the domain name cutegucci.com. Accordingly, the web pages for the website honeygucci.com are reflected on the downloaded web pages for the cutegucci.com website.

I personally observed the Internet websites operating under the Subject Domain Names freplicahandbags.com and frreplicahandbags.com redirect to the website operating under the domain name frehandbags.com. Accordingly, the web pages for the websites freplicahandbags.com and frreplicahandbags.com are reflected on the downloaded web pages for the frehandbags.com website.

I personally observed the Internet website operating under the Subject Domain Name hermesreplicabags.com redirects to the website operating under the domain name hermesosale.com. Accordingly, the web pages for the website hermesreplicabags.com are reflected on the downloaded web pages for the hermesosale.com website.

I personally observed the Internet website operating under the Subject Domain Name luxuryreplicas.net redirects to the website operating under the domain name luxuriesreplica.com. Accordingly, the web pages for the website luxuryreplicas.net are reflected on the downloaded web pages for the luxuriesreplica.com website.

I personally observed the Internet website operating under the Subject Domain Name replica8bags.com redirects to the website operating under the domain name replicabags8.com. Accordingly, the web pages for the website replica8bags.com are reflected on the downloaded web pages for the replicabags8.com website.

3. Additionally, my Firm obtained the available WHOIS registration data for the Subject Domain Names. The relevant WHOIS registration records identify the Registrant and Administrative Contact information as follows:

| Domain Name | WHOIS Contact Address and Phone Number | WHOIS Contact E-mail |
|---|---|---|
| freplicahandbags.com | hangzhou, zhejiang, Hangzhou 622200, CN +86.13604233156 | buy7777@126.com |
| luxuryreplicas.net | china he bei qhd DongChengQu, Henan CN, 100029 Tel: 86-010-65656787 | buy7777@126.com |
| replicahandbagsone.com | ningbo, Ningbo, ningbo 622200, CN Tel: 86.13811903897 | zzl7777@126.com |
| replicawatchesmart.com | ffff, ffff, fff 622200, CN Tel: 86.13811903897 | zzl7777@126.com |
| replica8bags.com | guang dong sheng HeXiQu, Henan CN, 100029 Tel: 86-010-82846897 | tiantian58185@126.com |
| replicas2010.com | guang dong sheng GuangZhou, Henan CN, 100029 Tel: 86-010-82846897 | tiantian58185@126.com |
| dropshippwatch.com | Sreet NO.23, Mingguang Road Yaohai District Hefei AnhuiProvince hefeishi anhuisheng China, 230000 Tel: 86-0551-7362094 | dh3hf8@163.com |
| dropshippingwatch.com | werwe, gz, Guangdong CN, 510000 Tel: 86-20-25025528 | dropshippingwatch@yahoo.com.cn |

| | | |
|---|---|---|
| freedomhandbags.com | 18 Number, Guangming Street<br>Hanshan District<br>Handan City, Handan, Beijing<br>CN, 056001<br>Tel: 86-031-03625417 | ehyfuehufj@163.com |
| msnbags.com | No.14, Guangming Road<br>Hanshan District<br>Handan City, Handan, Hebei,<br>CN, 056001<br>Tel: 86-310-5248563 | eojfi8458@126.com |
| hermesosale.com | No.26, XiaoGang Street<br>ShiBei District<br>qingdaoshi shandongsheng<br>China, 266011<br>Tel: 86-0532-2873641 | fkgji434t@163.com |
| beautifulrolex.com | Jiangsu province, Nanjing City<br>Xiaguan Area, Su zhou,<br>Jiangsu 210011, CN<br>Tel: 86.256321475 - 0 | gjirrrg545@163.com |
| topshowbrand.com | No.23, Daguanyuan Street<br>Shizhong District<br>Jinan city, Jinan, Shandong<br>250002, CN<br>Tel: 86.5372841254 - 0 | gr4eewr@126.com |
| frreplicahandbags.com | No.23, East Beijing Road<br>Xuanwu District<br>Nanjing, Nanjing, Jiangsu<br>CN, 210000<br>Tel: 86-253-874614 | hf8e38f@126.com |
| replicawatchmart.com | No.48,Yanta Road<br>Yanta District<br>Xian, Xian, Shanxi3<br>CN, 710000<br>Tel: 86-298-3984762 | hfjwhu382@126.com |
| pradashower.com | No.23, DaMingLake Street<br>LiXia District<br>jinan, jinan<br>CN, 250000<br>Tel: 86-531-2874329 | jhfue3939@163.com |
| luxuriesreplica.com | No.18, LiYing Street<br>RenCheng District<br>JiNing, Shandong<br>CN, 272000<br>Tel: 86-0537-2462842 | jhheww54@126.com |

| frehandbags.com | Street 11, WuLao Village<br>BaiXia District<br>NanJing, Jiangsu<br>CN, 210008<br>Tel: 86-025-8374821 | jsnfj34r@163.com |
|---|---|---|
| replicabags8.com | No.21, Renmin Road<br>Baiyin District<br>BaiYin, Gansu<br>CN, 730900<br>Tel: 86-0943-8743725 | kdgk4546@163.com |
| cutegucci.com | No.21, HaiFa Community<br>HaiCang District<br>XiaMen, Fujian<br>CN, 361026<br>Tel: 86-592-4598149 | rfjgri34r5@126.com |
| honeygucci.com | tianhe linhexulu108hao<br>guangzhou, Guangdong<br>510660, CN<br>Tel: 86.2027634833 - 0 | sfd5g45@126.com |
| hermesreplicabags.com | TungStreet 6<br>The drum district Fuzhou,<br>Fuzhou, 350000, FJ, CN<br>Tel: 86.5917452168 | uhreuyu@163.com |

True and correct copies of my WHOIS searches regarding the Subject Domain Names are attached hereto as Composite Exhibit "2."

    4.    Based upon my review of the available WHOIS data regarding the Subject Domain Names and the investigative information provided in connection with Defendant's Internet websites operating thereunder, I was able to determine the Internet websites operating under the Subject Domain Names are all related to each other.  Specifically, the Defendant uses the 365WebCall tracking code id "115664" in connection with the Internet websites operating under all of the Subject Domain Names. (See Exhibit "3" attached hereto.) Additionally, Defendant Jian Yong Liu is expressly identified as the payee for Western Union payments on the Internet websites operating under all but four of the Subject Domain Names. (See Exhibit "1".) Moreover, the Internet websites freplicahandbags.com, frreplicahandbags.com, honeygucci.com,

5

hermesreplicabags.com, luxuryreplicas.net, and replica8bags.com automatically redirect and forward to the Internet websites frehandbags.com, cutegucci.com, hermesosale.com, luxuriesreplica.com, and replicabags8.com, respectively. (See Footnote 1.)

5. For the Court's convenience, I also prepared a comparison summary table with citations to evidence comparing Gucci's trademark Registrations with evidentiary citation demonstrating examples of the counterfeiting and infringement of each Registered Mark. A true and correct copy of the comparison summary table is attached hereto as Exhibit "4."

6. I have personal knowledge that under the operating rules of most domain name Registrars, Registrants can easily transfer ownership of domain names simply by submitting an authorization letter and an application form. Defendants involved in domain name litigation easily can, and often will, modify registration data and content, change hosts, and redirect traffic to other websites they control. All of these things can literally happen in the span of a few minutes after defendants are provided with notice of a lawsuit.

7. I have learned through multiple prior cases I have filed on behalf of Gucci and other clients that, upon notice of a lawsuit, counterfeit website owners often immediately set up a redirect for their website which essentially informs a search engine that the website being crawled has permanently moved to another domain and instructs the search engine to divert traffic to the other website. The result is to slingshot the new domains to the top of the search engine results pages by leveraging the Internet traffic to the domains in suit which was built through the illegal use of the Gucci Marks.

8. Attached hereto as Composite Exhibit "5" are four examples of post-suit redirects captured by my Firm with respect to four domain names, chanelfans.com, yeschanelgifts.com, tick2buy.com, and watches-collection.com, which previously were home to counterfeit websites.

As reflected in the Exhibit, after the domain name owners received notice of an action but before the domain names were transferred to the plaintiff through litigation, the owners simply redirected all traffic to new domain names, chanelfan.com, yeschanelgift.com, morncity.com, and replicagood.com, respectively. Accordingly, by the time the plaintiff obtained control of the domain names, all of the value to the counterfeiters had already been diverted to the new domain names, and the plaintiff was left to start over. In short, injunctive relief was rendered almost meaningless by advance notice to the domain name owners that the websites were the subject of a legal action. This case is being filed on an *ex parte* basis to prevent such an injustice from occurring herein.

      9.      I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which China is a signatory. The Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not expressly prohibit e-mail service. Additionally, according to Article 1 of the Hague Convention, "[the] convention shall not apply where the address of the person to be served with the document is not known." A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and a list of the signatory Members are attached hereto as Composite Exhibit "6."

      10.      I researched whether the issuance of an order to serve process upon Defendant by electronic mail pursuant to Rule 4(f)(3) is contrary to or likely to offend the law of the People's Republic of China. I located an English language version of the current Civil Procedure Law of the People's Republic of China (the "PRC") which was adopted on April 9, 1991. A true and correct copy of the Civil Procedure Law of the People's Republic of China I downloaded from

Chinacourt.org, a website sponsored by the Supreme People's Court of the PRC, is attached hereto as Exhibit "7." Chapter VII, Section 2, of the Civil Procedure Law governs service of process. The law does not appear to preclude the service of process by e-mail and allows for alternate service means in certain circumstances. For example, Article 80 of the law specifically provides that "[i]f direct service of a litigation document proves difficult . . . it may be served by post . . . ." Additionally, Article 84 of the law provides that if the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods reflected in the law, a document shall be served by public announcement.

11. I accessed the Internet Corporation for Assigned Names and Numbers ("ICANN") website at www.icann.org in order to capture and download the ICANN Uniform Domain Name Resolution Policy. A true and correct copy of the ICANN Uniform Domain Name Resolution Policy I downloaded from www.icann.org is attached hereto as Exhibit "8."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of November, 2010, at Fort Lauderdale, Florida.

_____
Stephen M. Gaffigan