Exhibit 7




Sponsored by the Supreme People's Court of the PRC.

回中文首页

Judicial News

Grand Justices

Judicial System

Laws & Regulations

PRC Laws

Focus News

Home

Search articles
keyword

Category

All

submit

LINKS TO:

XinHuaNet

People's Daily

Chinadaily

China Internet Information Center

China Radio International

Hong Kong Judiciary

The Hong Kong Bar Association

The Law Society of Hong Kong

**PRC Laws**                                    **Posted: 2003-06-03 14:55:53**



### CIVIL PROCEDURE LAW OF THE PEOPLE'S REPUBLIC OF CHINA

**(Adopted on April 9, 1991)**

❑  ❑  ❑  ❑  ❑

## CONTENTS

PART ONE GENERAL PROVISIONS

CHAPTER I THE AIM, SCOPE OF APPLICATION AND BASIC PRINCIPLES

CHAPTER II JURISDICTION

SECTION 1 JURISDICTION BY LEVEL

SECTION 2 TERRITORIAL JURISDICTION

SECTION 3 REFERRAL AND DESIGNATION OF JURISDICTION

CHAPTER III TRIAL ORGANIZATION

CHAPTER IV WITHDRAWAL

CHAPTER V PARTICIPANTS IN PROCEEDINGS

SECTION 1 PARTIES

SECTION 2 AGENTS AD LITEM

CHAPTER VI EVIDENCE

CHAPTER VII TIME PERIODS AND SERVICE

SECTION 1 TIME PERIODS

SECTION 2 SERVICE

CHAPTER VIII CONCILIATION

CHAPTER IX PROPERTY PRESERVATION AND PRELIMINARY EXECUTION

CHAPTER X COMPULSORY MEASURES AGAINST IMPAIRMENT OF CIVIL ACTIONS

CHAPTER XI LITIGATION COSTS

PART TWO TRIAL PROCEDURE

CHAPTER XII ORDINARY PROCEDURE OF FIRST INSTANCE

SECTION 1 BRINGING A SUIT AND ACCEPTING A CASE

SECTION 2 PREPARATIONS FOR TRIAL

SECTION 3 TRIAL IN COURT

SECTION 4 SUSPENSION AND CONCLUSION OF A LAWSUIT

SECTION 5 JUDGMENT AND ORDER

CHAPTER XIII SUMMARY PROCEDURE

CHAPTER XIV PROCEDURE OF SECOND INSTANCE

CHAPTER XV SPECIAL PROCEDURE

SECTION 1 GENERAL STIPULATIONS

SECTION 2 CASES CONCERNING CREDENTIALS OF VOTERS

SECTION 3 CASES CONCERNING THE PROCLAMATION OF A PERSON AS MISSING OR DEAD

SECTION 4 CASES CONCERNING THE DETERMINATION OF A CITIZEN AS INCOMPETENT OR WITH LIMITED CAPACITY FOR CIVIL CONDUCT

SECTION 5 CASES CONCERNING THE DETERMINATION OF A PROPERTY AS OWNERLESS

CHAPTER XVI PROCEDURE FOR TRIAL SUPERVISION

CHAPTER XVII SUMMARY PROCEDURE FOR RECOVERING A DEBT

CHAPTER XVIII PROCEDURE FOR PUBLIC INVITATION TO ASSERT CLAIMS

CHAPTER XIX PROCEDURE FOR THE BANKRUPTCY REPAYMENT OF ENTERPRISES AS LEGAL PERSONS

PART THREE PROCEDURE OF EXECUTION

CHAPTER XX GENERAL STIPULATIONS

CHAPTER XXI APPLICATION FOR AND REFERRAL OF EXECUTION

CHAPTER XXII EXECUTION MEASURES

CHAPTER XXIII SUSPENSION AND CONCLUSION OF EXECUTION

PART FOUR SPECIAL STIPULATIONS FOR CIVIL PROCEDURES INVOLVING FOREIGN INTERESTS

CHAPTER XXIV GENERAL PRINCIPLES

CHAPTER XXV JURISDICTION

CHAPTER XXVI SERVICE AND TIME PERIODS

CHAPTER XXVII PROPERTY PRESERVATION

CHAPTER XXVIII ARBITRATION

CHAPTER XXIX JUDICIAL ASSISTANCE

PART ONE GENERAL PROVISIONS

CHAPTER I THE AIM, SCOPE OF REGULATION AND BASIS PRINCIPLES

Article 1. The Civil Procedure Law of the People's Republic of China is formulated on the basis of the Constitution and in the light of the experience and actual conditions of our country in trying civil cases.

Article 2. The aim of the Civil Procedure Law of the People's Republic of China is to protect the exercise of the litigation rights of the parties, ensure that the people's courts ascertain facts, distinguish right from wrong, apply the law correctly, try civil cases promptly, affirm the rights

and obligations in civil affairs, impose sanctions for civil wrongs, protect the lawful rights and interests of the parties, educate citizens to voluntarily abide by the law, maintain the social and economic order, and guarantee the smooth progress of the socialist construction.

Article 3. The provisions of this Law shall be applicable to civil lawsuits concerning disputes over the status of property and persons among citizens, legal persons or other organizations respectively and mutually between citizens, legal persons and other organizations.

Article 4. All those who engage in civil lawsuits within the territory of the People's Republic of China must abide by this Law.

Article 5. Foreign nationals, stateless persons, foreign enterprises and organizations that institute or respond to prosecutions in the people's courts shall have the same litigation rights and obligations as citizens, legal persons and other organizations of the People's Republic of China.

Should the courts of a foreign country impose restrictions on the civil litigation rights of the citizens, legal persons and other organizations of the People's Republic of China, the people's courts of the People's Republic of China shall follow the principle of reciprocity regarding the civil litigation rights of the citizens, enterprises and organizations of that foreign country.

Article 6. The people's courts shall exercise the judicial authority with respect to civil cases.

The people's courts shall try civil cases independently in accordance with the law, and shall not be subject to interference by an administrative organ, public organization or individual.

Article 7. In conducting civil proceedings, the people's courts must base themselves on facts and take the law as the criterion.

Article 8. The parties to a civil lawsuit shall have equal litigation rights. The people's courts shall, in conducting civil proceedings, guarantee and faciliate the exercise of litigation rights by the parties, and apply the law equally to the parties.

Article 9. In conducting civil proceedings, the people's courts shall carry out conciliation in accordance with the principles of voluntariness and lawfulness; if conciliation efforts are ineffective, they shall render judgments without delay.

Article 10. In handing civil cases, the people's courts shall, as provided for by law, apply the systems of collegial panel, withdrawal of judicial personnel, public trial, and the system whereby the second hearing is final.

Article 11. Citizens of all nationalities shall have the right to use their native spoken and written languages in civil proceedings.

Where people of a minority nationality live in a concentrated community or where a number of nationalities live together in one area, the people's courts shall conduct hearings and issue legal documents in the spoken and written languages commonly used by the local nationalities.

The people's courts shall provide translations for any participant in the court proceedings who is not familiar with the spoken or written languages commonly used by the local nationalities.

Article 12. In the trial of civil cases by the people's court, the parties shall have the right to engage in argument.

Article 13. The parties to a civil lawsuit shall be entitled, within the scope stipulated by law, to dispose of their rights in civil affairs and their litigation rights.

Article 14. The people's procuratorates shall have the right to exercise legal supervision over the civil proceedings.

Article 15. If the civil rights and interests of the state, a collective or an individual have been infringed, a state organ, public organization, enterprise or institution may support the injured unit or individual to initiate legal action in a people's court.

Article 16. The people's conciliation committees shall be mass organizations to conciliate civil disputes, which are to function under the guidance of the grass-roots people's governments and the basic people's courts.

A people's conciliation committee shall conduct conciliation in accordance with legal provisions and the principle of voluntariness. The parties concerned shall execute the agreement reached in conciliation: those who refuse a conciliation or those for whom a conciliation has failed or those who have retracted from a conciliation agreement may initiate legal proceedings in a people's court.

If a people's conciliation committee violates the law in conciliating civil disputes, a people's court shall make corrections.

Article 17. The people's congresses of the national autonomous areas may formulate adoptive or supplementary provisions in accordance with the principles of the Constitution and this Law and with the specific circumstances of the local nationalities. Such provisions made by an autonomous region shall be submitted to the Standing Committee of the National People's Congress for approval. The provisions made by an autonomous prefecture or autonomous county shall be submitted to the standing committee of the people's congress of the relevant autonomous region or province for approval and to the Standing Committee of the National People's Congress for the record.

CHAPTER II JURISDICTION

SECTION 1 JURISDICTION BY LEVEL

Article 18. The basic people's courts shall have jurisdiction as courts of first instance over civil cases, unless otherwise stipulated in this Law.

Article 19. The intermediate people's courts shall have jurisdiction as courts of first instance over the following civil cases:

(1) major cases involving foreign interests;

(2) cases that have major impact on the area under their jurisdiction; and

(3) cases under the jurisdiction of the intermediate people's courts as determined by the Supreme People's Court.

Article 20. The higher people's courts shall have jurisdiction as courts of first instance over civil cases that have major impact on the areas under their jurisdiction.

Article 21. The Supreme People's Court shall have jurisdiction as the court of first instance over the following civil cases:

(1) cases that have major impact on the whole country; and

(2) cases that the Supreme People's Court deems it should try.

SECTION 2 TERRITORIAL JURISDICTION

Article 22. A civil lawsuit brought against a citizen shall be under the jurisdiction of the people's court in the place where the defendant has his domicile; if the defendant's domicile is different from his habitual residence, the lawsuit shall be under the jurisdiction of the people's court in the place of his habitual residence.

A civil lawsuit brought by a serviceman against a civilian shall be under the jurisdiction of the people's court in the place where the defendant has his domicile.

A civil lawsuit brought against a legal person or any other organization shall be under the jurisdiction of the people's court in the place where the defendant has its domicile.

Where the domiciles or habitual residences of several defendants in the same lawsuit are in the areas under the jurisdiction of two or more people's courts, all of those people's courts shall have jurisdiction over the lawsuit.

Article 23. The civil lawsuits described below shall be under the jurisdiction of the people's court in the place where the plaintiff has his domicile; if the plaintiff's domicile is different from his habitual residence, the lawsuit shall be under the jurisdiction of the people' court in the place of the plaintiff's habitual residence. The relevant lawsuits are:

(1) those brought by civilians against servicemen;

(2) those concerning the status of persons not residing within the territory of the People's Republic of China;

(3) those concerning the status of persons whose whereabouts have been unknown or who have been declared as missing.

(4) those against persons who are undergoing rehabilitation through labour; and

(5) those against persons who are undergoing imprisonment.

Article 24. A lawsuit initiated for a contract dispute shall be under the jurisdiction of the people's court in the place where the defendant has his domicile or where the contract is performed.

Article 25. The parties to a contract may choose through agreement stipulated in the written contract the people's court in the place where the defendant has his domicile, where the contract is performed, where the contract is signed, where the plaintiff has his domicile or where the object of the action is located to have jurisdiction over the case, provided that the provisions of this Law regarding jurisdiction by level and exclusive jurisdiction shall not be violated.

Article 26. A lawsuit initiated for an insurance contract dispute shall be under the jurisdiction of the people's court in the place where the defendant has his domicile or where the insured object is located.

Article 27. A lawsuit initiated for a bill dispute shall be under the jurisdiction of the people's court in the place where the bill is paid or where the defendant has his domicile.

Article 28. A lawsuit initiated for a dispute over railway, highway, water, or air transport or through transport contract shall be under the jurisdiction of the people's court in the place where the transport started or ended or where the defendant has his domicile.

Article 29. A lawsuit initiated for an infringing act shall be under the jurisdiction of the people's court in the place where the infringing act took place or where the defendant has his domicile.

Article 30. A lawsuit concerning claims for damages caused by a railway, highway, water or aviation accident shall be under the jurisdiction of the people's court in the place where the accident took place or where the vehicle or ship first arrived after the accident or where the aircraft first landed after the accident, or where the dependent has his domicile.

Article 31. A lawsuit initiated for damages caused by a ship collision or any other maritime accident shall be under the jurisdiction of the people's court in the place where the collision took place or where the collision ship first docked after the accident or where the ship at fault

was detained, or where the defendant has his domicile.

Article 32. A lawsuit initiated for maritime salvage shall be under the jurisdiction of the people's court in the place where the salvage took place or where the salvaged vessel first docked after the disaster.

Article 33. A lawsuit initiated for general average shall be under the jurisdiction of the people's court in the place where the ship first docked after the general average took place or the adjustment thereof was conducted or where the voyage ended.

Article 34. The following cases shall be under the exclusive jurisdiction of the people's courts herein specified:

(1) A lawsuit initiated for real estate shall be under the jurisdiction of the people's court in the place where the estate is located;

(2) A lawsuit concerning harbour operations shall be under the jurisdiction of the people's court in the place where the harbour is located; and

(3) A lawsuit concerning an inheritance shall be under the jurisdiction of the people's court in the place where the decedent had his domicile upon his death, or where the principal part of his estate is located.

Article 35. When two or more people's courts have jurisdiction over a lawsuit, the plaintiff may bring his lawsuit in one of these people's courts; if the plaintiff brings the lawsuit in two or more people's courts that have jurisdiction over the lawsuit, it shall be handled by the people's courts that first files the case.

SECTION 3 REFERRAL AND DESIGNATION OF JURISDICTION

Article 36. If a people's court discovers that a case it has accepted is not under its jurisdiction, it shall refer the case to the people's court that does have jurisdiction over the case. The people's court to which a case has been referred shall accept the case, and if it considers that, according to relevant regulations, the case referred is not under its jurisdiction, it shall report to a superior people's court for the designation of jurisdiction and shall not independently refer it again to another people's court.

Article 37. If a people's court which has jurisdiction over a case is unable to exercise the jurisdiction for special reasons, a superior people's court shall designate another court to exercise the jurisdiction.

In the event of a jurisdictional dispute between various people's courts, it shall be resolved by the disputing parties through consultation; if the dispute cannot be resolved through consultation, it shall be reported to a people's court superior to both disputing parties for the designation of jurisdiction.

Article 38. Should any party hold an objection to the jurisdiction of a case after its acceptance by a people's court, the party shall raise the objection during the term for filing the bill of defence. The people's court shall examine such objection. If the objection is tenable, the people's court shall order that the case be transferred to the people's court that does have jurisdiction over the case; if the objection is untenable, the people's court shall order to turn it down.

Article 39. People's courts at higher levels shall have the authority to try civil cases over which people's courts at lower levels have jurisdiction as courts of first instance; they may also transfer civil cases over which they themselves have jurisdiction as courts of first instance to people's courts at lower levels for trial.

If a people's court at a lower level deems it necessary for a civil case of first instance under its jurisdiction to be tried by a people's court at a higher level, it may request such a people's court to try the case.

CHAPTER III TRIAL ORGANIZATION

Article 40. Civil cases of first instance shall be tried in a people's court by a collegial panel consisting of both judges and assessors or of judges alone. The collegial panel must have an odd number of members.

Civil cases to which summary procedure is applied shall be tried by a single judge alone.

When carrying out their duties as assessors, the assessors shall have equal rights and obligations with the judges.

Article 41. Civil cases of second instance shall be tried in a people's court by a collegial panel of judges. The collegial panel must have an odd number of members.

When retrying a case remanded by a people's court of second instance, the people's court of first instance shall form a new collegial panel in accordance with the procedure of first instance.

If a case for retrial was originally tried at first instance, a new collegial panel shall be formed according to the procedure of first instance; if the case was originally tried at second instance or was removed to a people's court at a higher level for trial, a new collegial panel shall be formed according to the procedure of second instance.

Article 42. The president of the court or the chief judge of a division shall designate a judge to serve as the presiding judge of the collegial panel; if the president or the chief judge participates in trial, he himself shall serve as the presiding judge.

Article 43. When deliberating a case, a collegial panel shall observe the principle that the minority shall defer to the majority. The deliberations shall be recorded in writing, and the transcript shall be signed by the members of the collegial panel. Diverging opinions in the deliberations must be truthfully entered in the transcript.

Article 44. The judicial personnel shall handle the case impartially and in accordance with the law.

The judicial personnel shall not accept a treat or gift of the parties of their agents ad litem.

Any judicial personnel who commits embezzlement, accepts bribes, practices malpractice for personal benefits or perverts the law in making judgment shall be pursued for legal responsibility; if a crime is constituted, the offender shall be investigated for criminal responsibility according to law.

CHAPTER IV WITHDRAWAL

Article 45. A member of the judicial personnel in any of the following circumstances must withdraw, and the parties to the case shall also have the right to request, orally or in writing, that he withdraw.

The relevant circumstances are:

(1) he is a party or a near relative of a party to the case or a near relative of an agent ad litem in the case;

(2) he has a personal interest in the case; or

(3) he has some other relationship with a party to the case that could influence the impartial handling of the case.

The above provisions shall also apply to clerks, interpreters, expert witnesses and inspectors.

Article 46. When a party requests the withdrawal of a member of the judicial personnel, he shall explain the reason for this request and submit the request at the beginning of the proceedings; the request may also be submitted before the end of court debate if the reason for the withdrawal becomes known only after the beginning of the proceedings.

Pending a decision on withdrawal by the people's court, personnel who has been requested to withdraw shall temporarily suspend his participation in the proceedings of the case, but with the exception of cases that require the adoption of emergency measures.

Article 47. The withdrawal of a court president who serves as the presiding judge shall be decided by the judicial committee; the withdrawal of judicial personnel shall be decided by the court president; the withdrawal of other personnel shall be decided by the presiding judge.

Article 48. The decision of a people's court on a request for withdrawal shall be made orally or in writing within three days after the request was made. If a party is not satisfied with the decision, it may apply for reconsideration which could be granted only once. During the period of reconsideration, personnel who has been requested to withdraw shall not suspend his participation in the proceedings. The decision of a people's court on an application for reconsideration shall be made within three days after receiving the application and the person who has made the application for reconsideration shall be notified of the decision.

CHAPTER V PARTICIPANTS IN PROCEEDINGS

SECTION 1 PARTIES

Article 49. Any citizen, legal person or any other organization may become a party to a civil lawsuit.

Legal persons shall be represented by their legal representatives in litigation. Other organizations shall be represented by their principal leading personnel in litigation.

Article 50. The parties shall have the right to appoint agents, request withdrawals, collect and provide evidence, engage in debate, request conciliation, file an appeal and apply for execution.

The parties may consult the materials relating to the court proceedings of the case and copy the materials and other legal documents pertaining to the case. However, materials involving state secrets, trade secrets or the private affairs of individuals shall be exceptions.

The parties must exercise their litigation rights in accordance with the law, observe litigation procedures and carry out legally effective written judgments or orders and conciliation statements.

Article 51. The two parties may reach a compromise on their own.

Article 52. The plaintiff may relinquish or modify his claim. The defendant may confirm or repudiate the claim and shall have the right to file a counterclaim.

Article 53. When one party or both parties consist of two or more persons, the object of action is the same or of the same category and the people's court considers that, subject to the consent of the parties, the lawsuit can be tried together, a joint lawsuit shall be constituted.

If the individuals constituting a party to a joint lawsuit have common rights and obligations with respect to the object of action and the act of litigation of one person is recognized by the others of his party, such act shall be effective for all the other members of his party; if the individuals in one party do not have common rights and obligations with respect to the object of action, then the act of litigation of one person shall have no effect on the others of his party.

Article 54. A joint lawsuit in which one party is numerous may be brought by representatives selected by and from the party. The act of litigation of such representatives shall be effective for all members of the party they represent. However, confirmation, modification or waiver of claims of action or confirmation of the claims of the other party or institution of a compromise by the representatives shall be subject to

the approval of the party they represent.

Article 55. With respect to a case in which the object of action is of the same category and one party is numerous and of an uncertain number upon institution of the lawsuit, the people's court may issue a public notice, stating the particulars and claims of the case and informing claimants to file at the people's court within a fixed period of time.

Claimants who have filed at the people's court may select representatives from among themselves to engage in litigation; if such representatives cannot be created through selection, they may be decided by the people's court through negotiation with the claimants who have filed at the court. The act of litigation of such representatives shall be effective for the party they represent. However, modification or waiver of claims of action or confirmation of the claims of the other party or institution of a compromise by the representatives shall be subject to the approval of the party they represent.

The judgments or orders rendered by the people's court shall be effective for all the claimants who have filed at the court. The same judgments or orders shall be binding on the claimants who have not filed at the court but instituted legal proceedings during the limitation of action.

Article 56. If a third party considers that it has an independent claim to the object of action of both parties, it shall have the right to bring an action.

If a third party has no independent claim to the object of action of both parties, however, the outcome of the case will affect its interest legally, it may file a request to participate in the proceedings or the people's court shall notify it to participate. A third party that is to bear civil liability as judged by the people's court shall have the litigation rights of a party.

SECTION 2 AGENTS AD LITEM

Article 57. Any person with no capacity to engage in litigation shall have his guardians as agents ad litem to represent him in a lawsuit. If the agents ad litem try to shift their responsibilities as agents ad litem onto one another, the people's court shall appoint one of them to represent the principal in litigation.

Article 58. Each party or legal representative may appoint one or two persons to act as his agents at litem.

A party's near relative, a lawyer, a person recommended by a relevant public organization or the unit to which a party belongs or any other citizen approved by the people's court may be entrusted as the party's agent ad litem.

Article 59. When a person entrusts another to act on his behalf in litigation, he must submit to the people's court a power of attorney bearing his signature or seal.

The power of attorney must specify the matter and limits of authority entrusted. An agent ad litem must possess special authorization from his principal to confirm, relinquish or modify the claim or to institute a compromise or file a counterclaim or an appeal.

A power of attorney mailed or delivered care of others by a citizen of the People's Republic of China residing abroad must be certified by the Chinese embassy or consulate in that country. If there is no Chinese embassy or consulate in that country, the power of attorney must be certified by an embassy or a consulate of a third state that has diplomatic relations with the People's Republic of China stationed in the country, and then transferred for verification to the embassy or consulate of the People's Republic of China stationed in that third state, or by a local patriotic overseas Chinese organization.

Article 60. A party shall inform the people's court in writing if it changes or revokes the authority of an agent ad litem, and the court shall notify the other party of the change or revocation.

Article 61. a lawyer who serves as an agent ad litem shall have the right to investigate and collect evidence, and may consult materials pertaining to the case in accordance with relevant regulations. However, if such materials involve state secrets, trade secrets or the private affairs of individuals, he must keep the confidential information from the parties concerned and others.

Other agents ad litem shall have the right to investigate and collect evidence and may also consult the materials pertaining to the court proceedings of the case, except those that involve state secrets, trade secrets, or the private affairs of individuals.

Article 62. The parties to a divorce case which has been entrusted to agents ad litem shall also appear in court in person, unless they are incapable of presenting their own case. A party who is truly unable to appear in court due to a special reason shall submit his or hear opinion in writing to the people's court.

CHAPTER VI EVIDENCE

Article 63. Evidence shall be classified as follows:

(1) documentary evidence;

(2) material evidence;

(3) audio-visual reference material;

(4) testimony of witnesses;

(5) statements of the parties;

(6) expert conclusions; and

(7) records of inquests.

Any of the above-mentioned evidence must be verified before it can be taken as a basis for ascertaining a fact.

Article 64. A party shall have the responsibility to provide evidence in support of its own propositions.

With respect to the evidence that the party and its agent ad litem are unable to obtain themselves because of objective reasons or that the people's court considers necessary for the trial of the case, the people's court shall investigate and collect it on its own initiative.

The people's court shall, in accordance with the procedure prescribed by law, collect and examine evidence comprehensively and objectively.

Article 65. The people's court shall have the authority to obtain evidence from the relevant units or individuals, and such units or individuals may not refuse to provide evidence.

The people's court shall verify and determine the validity of documentary evidence provided by relevant units or individuals.

Article 66. Evidence shall be presented in the court and cross- examined by the parties, however, evidence that involves state secrets, trade secrets or the private affairs of individuals shall not be presented in an open court session.

Article 67. The people's court shall take the legal acts, legal facts and documents notarized according to legal procedures as basis for ascertaining facts, except when there is contrary evidence sufficient to invalidate the notarial certification.

Article 68. Any document submitted as evidence shall be the original one. Material evidence shall also be original. If it is truly difficult to present the original document or material, then reproductions, photographs, duplicates or extracts of the original may be submitted.

If a document in a foreign language is submitted as evidence, a Chinese translation must be appended.

Article 69. The people's court shall verify audio-visual materials and determine after examination whether they can be taken as a basis for ascertaining the facts.

Article 70. All units and individuals who have information about a case shall have the obligation to give testimony in court. Responsible persons of relevant units shall encourage the witnesses to give testimony. When it would be truly difficult for a witness to appear in court, he may, with the approval of the people's court, submit a written testimony.

Any person who is unable to express his will properly shall not testify.

Article 71. The people's court shall examine the statements of the parties in connection with the other evidence in the case to determine whether the statements can be taken as a basis for ascertaining the facts.

The refusal of a party to make a statement shall not prevent the people's court from ascertaining the facts of a case on the basis of other evidence.

Article 72. when the people's court deems it necessary to make an evaluation of a specialized problem, it shall refer the problem to an authentication department authorized by law for the evaluation. In the absence of such department, the people's court shall appoint an authentication department to make the evaluation.

The authentication department and the expert witness designated by the department shall have the right to consult the case materials necessary for the evaluation and direct inquiries to the parties and witnesses when circumstances require.

The authentication department and expert witness shall present a written conclusion of the evaluation and affix his seal or signature to it. With respect to an evaluation made by an expert witness, the unit to which the expert witness belong shall certify his status by affixing its seal to the expert conclusion.

Article 73. When inspecting material evidence or a site, the inspector must show his credentials issued by a people's court. He shall request a local grassroots organization or the unit concerned to send persons to participate in the inquest. The party concerned or an adult member of his family shall be present; their refusal to appear on the scene shall not prevent the inquest from proceeding.

Upon notification by the people's court, the relevant units and individuals shall have the obligation to preserve the site and assist in the inquest.

The inspector shall prepare a written record of the circumstances and results of the inquest. The inspector, the party concerned and the requested participants shall affix their signatures or seals to the record.

Article 74. Under circumstances where there is a likelihood that evidence may be destroyed or lost or difficult to obtain later on, the participants in proceedings may apply to the people's court for the evidence to be preserved. The people's court may also on its own initiative take measures to preserve such evidence.

CHAPTER VII TIME PERIODS AND SERVICE

SECTION 1 TIME PERIODS

Article 75. Time periods shall include those prescribed by law and those designated by a people's court.

Time periods shall be calculated by the hour, the day, the month and the year. The hour and day from which a time period begins shall not be counted as within the time period.

If the expiration date of a time period falls on a holiday, then the day immediately following the holiday shall be regarded as the expiration date.

A time period shall not include traveling time. A litigation document that is mailed before a deadline shall not be regarded as overdue.

Article 76. If a party fails to meet a deadline due to force majeure or for other justified reasons, he may apply for an extension of the time limit within 10 days after the obstacle is removed. The requested extension shall be subject to approval by a people's court.

SECTION 2 SERVICE

Article 77. A receipt shall be required for every litigation document that is served and it shall bear the signature or seal of the recipient of the service and the date of receipt.

The date of receipt as signed by the recipient of the service shall be regarded as the date the document is served.

Article 78. Litigation documents shall be served directly on the recipient of the service. If the recipient of the service is a citizen, the documents shall, in the case of his absence, be receipted by an adult member of his family living with him. If the recipient of the service is a legal person or any other organization, the document shall be receipted by the legal representatives of the legal person or the principle leading personnel of any other organization or the personnel of the legal person or any other organization in charge of receiving such documents; If the recipient of the service has an agent ad litem, the documents may be receipted by the agent ad litem. If the recipient of the service has designated an agent to receive his litigation documents and has informed the people's court of it, the documents may be receipted by the agent.

The date of receipt as signed by the adult family member living with the recipient of service, or persons in charge of receiving documents of legal persons or other organizations, or agents ad litem, or agents designated to receive his documents shall be regarded as the date the document is served.

Article 79. If the recipient of the service of a litigation document or the adult family member living with him refuses to accept a legal document, the person serving the document shall ask representatives from the relevant grassroots organization or the unit to which the recipient of the service belongs to appear on the scene, explain the situation to them, and record on the receipt the particulars of the refusal and the date of it. After the person serving the document and the witnesses have affixed their signatures or seals to the receipt, the document shall be left at the place where the recipient of the service stays and the service shall be considered completed.

Article 80. If direct service of a litigation document proves difficult, service of the document may be entrusted to another people's court, or it may be served by post. If a document is served by post, the date as stated on the receipt shall be regarded as the date the document is served.

Article 81. If the recipient of the service is in the military, the document shall be forwarded to him by the political organ at or above the regimental level in the unit to which he belongs.

Article 82. If the recipient of the service is undergoing imprisonment, the document shall be forwarded to him by the prison or unit of reform through labour where he is serving his term.

If the recipient of the service is undergoing rehabilitation through labour, the document shall be forwarded to him by the unit supervising his rehabilitation through labour.

Article 83. Any organization or unit that receives a litigation document to be forwarded must immediately deliver it to the recipient of the service for a receipt. The date as stated on the receipt shall be regarded as the date the document is served.

Article 84. If the whereabouts of a recipient of the service is unknown, or if a document cannot be served by the other methods mentioned in this section, the document shall be served by public announcement. Sixty days after the date of the public announcement, the document shall be deemed to have been served.

The reasons for service by public announcement and the procedures taken shall be recorded in the case files.

CHAPTER VIII CONCILIATION

Article 85. In handling civil cases, the people's court shall distinguish between right and wrong and conduct conciliation on the basis of the principle of voluntariness of the parties and evident facts.

Article 86. When a people's court conducts a conciliation, a single judge or a collegial panel may preside. Conciliations shall be conducted locally whenever possible.

When a people's court conducts a conciliation, it may employ simplified methods to notify the parties and witnesses to appear in court.

Article 87. When a people's court conducts a conciliation, it may request the assistance of units or individuals concerned. The requested units or individuals shall assist the people's court in conducting the conciliation.

Article 88. A conciliation agreement must be based on voluntariness of both parties, and shall not be reached through compulsion. The content of the conciliation agreement may not contravene the law.

Article 89. When a conciliation agreement is reached, the people's court shall draw up a conciliation statement. A conciliation statement shall clearly set forth the claims of the action, the facts about the case, and the result of the conciliation.

The conciliation statement shall be signed by the judge and the court clerk, sealed by the people's court, and served on both parties.

Once the conciliation statement is receipted and signed by both parties, it shall become legally effective.

Article 90. The people's court need not draw up a conciliation statement for the following cases when an agreement is reached through conciliation:

(1) cases of divorce in which both parties have become reconciled after conciliation;

(2) cases in which adoptive relationship has been maintained through conciliation;

(3) cases in which the claims can be immediately satisfied; and

(4) other cases that do not require conciliation statements.

Any agreement that does not require a conciliation statement shall be entered into the written record and shall become legally effective after being signed or sealed by both parties, the judge and the court clerk.

Article 91. If no agreement is reached through conciliation or if one party retracts from his consent before the conciliation statement is served, the people's court shall render a judgment without delay.

CHAPTER IX PROPERTY PRESERVATION AND PRELIMINARY EXECUTION

Article 92. If it becomes impossible or difficult to execute a judgment because of the acts of one of the parties or for other reasons, the people's court may, at the request of the other party, order that property preservation be adopted. In the absence of such request, the people's court may, when necessary, also order to adopt property preservation measures.

When a people's court has decided to adopt property preservation, it may instruct the applicant to provide a surety; if the applicant fails to do so, his application shall be rejected.

After receiving a party's application, if the case is urgent, the people's court must make an order within 48 hours concerning property preservation; if property preservation is granted by an order, implementation thereof shall begin immediately.

Article 93. Any interested party whose lawful rights and interests, due to urgent circumstances, would suffer unremediable harms without immediately applying for property preservation, may, before filing the lawsuit, apply to the people's court for the adoption of property preservation measures. The applicant shall provide a surety; if the applicant fails to do so, his application shall be rejected.

After receiving a party's application, the people's court must make an order within 48 hours concerning property preservation; if property preservation is granted by an order, the implementation thereof shall begin immediately. If the applicant fails to bring an action within 15 days after the people's court has adopted the preservation measures, the people's court shall cancel the property preservation.

Article 94. Property preservation shall be limited to the scope of the claim or to the property relevant to the case.

Property preservation shall be carried out by sealing up,. distraining, freezing or other methods as prescribed by law.

should the people's court freeze a property, it shall notify the person against whom the application is made.

Property that has already been sealed up or freezed shall not be sealed up or freezed again.

Article 95. If the applicant against whom the application is made provides a surety, the people's court shall cancel the property preserivtion.

Article 96. If the application is wrongfully made, the applicant shall compensate the person against whom the application is made for any loss incurred from property preservation.

Article 97. The people's court may, at the request of the parties concerned, order preliminary execution in respect to the following cases:

(1) those involving claims for alimony, support for children or elders, pension for the disabled or the family of a decedent, or expenses for medical care;

(2) those involving claims for remuneration for labour; and

(3) those involving urgent circumstances that require preliminary execution.

Article 98. Cases in which preliminary execution is ordered by the people's court shall meet the following conditions:

(1) the relationship of rights and obligations between the parties is definite, and denial of preliminary execution would seriously affect the life or business of the applicant; and

(2) the person against whom the application is made is capable of fulfilling the obligations involved in the preliminary execution.

The people's court may instruct the applicant to provide a surety; if the applicant fails to do so, his application shall be rejected. If the applicant loses the lawsuit, he shall compensate the person against whom the application is made for any loss of property incurred from the preliminary execution.

Article 99. If a party is not satisfied with the order on property preservation or preliminary execution, it may apply for reconsideration which could be granted only one. Implementation of the order shall not be suspended during the time of reconsideration.

CHAPTER X COMPULSORY MEASURES AGAINST IMPAIRMENT OF CIVIL ACTIONS

Article 100. If a defendant is required to appear in court, but, having been served twice with subpoena, still refuses to do so without justified reason, the people's court may summon him to court by a warrant.

Article 101. Participants in proceedings and other persons shall abide by the court rules.

Should any person violate the court rules, the people's court may reprimand him and order him to leave the court, or impose a fine or detention on him.

With respect to any person who seriously disrupts the court procedure by making an uproar in the court or assaulting the courtroom, or insulting, slandering, threatening, or beating the judicial personnel, the people's court shall investigate for criminal responsibility according to law; if the circumstances are minor, a fine or detention may be imposed on the offender.

Article 102. If a participant in the proceedings or any other person commits any of the following acts, the people's court shall, in accordance with the law, investigate for criminal responsibility; if the circumstances are minor and do not constitute a crime, the offender shall be fined or detained:

(1) forging or destroying significant evidence, which would obstruct the trial of a case by the people's court;

(2) using violence, threats or subornation to hinder a witness from giving testimony, or instigating, suborning, or coercing others to commit perjury;

(3) concealing, transferring, selling or destroying property that has been sealed up or distrained, or that has been made an inventory of and has been put under his care according to instruction, or transferring the property that has been freezed;

(4) insulting, slandering, incriminating with false charges, beating up or retaliating against judicial personnel, participants in proceedings, witnesses, interpreters, experts, inspectors, or personnel assisting in execution; or

(5) using violence, threats or other means to hinder judicial personnel from performing their duties; or

(6) refusing to comply with the legally effective judgments or orders of the people's court.

Article 103. With respect to a unit under an obligation to assist in investigation and execution that commits any of the following acts, the people's court may, apart from instructing it to perform its obligation to assist, also impose a fine:

(1) refusing or obstructing, by units concerned, investigations and collection of evidence made by the people's court;

(2) after receiving a notification on assistance in execution from the people's court, refusing by banks, credit cooperatives or other units dealing with savings deposits to assist in inquiring, freezing or transferring relevant deposit.

(3) after receiving a notification on assistance in execution from the people's court, refusing by units concerned to assist in withholding the income of the party subject to execution, handling formalities for transferring relevant certificates and passing on relevant negotiable instrument, certificates, or other property; or

(4) refusing to provide other orbligatory assistance in execution.

With respect to a unit that commits any of the acts specified in the preceding paragraph, the people's court may impose a fine on the principal leading personnel of the unit or the person directly responsible. The people's court may also put forward a proposal on the imposition of disciplinary sanctions to the supervisory organ and organs concerned.

Article 104. A fine on an individual shall be not more than Renminbi, 1, 000 yuan. A fine on a unit shall be not less than Renminbi 1,000 yuan and not more than Renminbi 30,000 yuan.

A detention period shall be not longer than 15 days.

The people's court shall deliver detained persons to a public security organ for custody. The people's court may decide to grant the detained person an early release if he admits and corrects his wrongdoing.

Article 105. Imposition of summons by warrant, fine or detention shall be subject to approval of the president of a people's court. Warrants shall be issued for carrying out summonses by warrant.

Letters of decision shall be issued for fines and detentions. If an offender is not satisfied with the decision, he may apply to a people's court at a higher level for reconsideration that could be granted only once. The execution of the decision shall not be suspended during the time

of reconsideration.

Article 106. Decision on the adoption of compulsory measures against impairment of civil actions shall be made by the people's court. Any unit or individual that extorts a debt by illegitimate detention of a person or illegal distrainment of a property shall be *investigated for criminal responsibility according to law, or shall be punished with a detention or fine.

CHAPTER XI LITIGATION COSTS

Article 107. Any party filing a civil lawsuit shall pay a case acceptance fee in accordance with relevant regulations. With respect to cases concerning property, the party shall pay other litigation costs, in addition to case acceptance fee.

Parties that have true difficulty in paying litigation costs may, in accordance with relevant regulations, apply to the people's court for suspension or reduction of or exemption from the payment.

Procedures for the payment of litigation costs shall be formulated separately.

PART TWO TRIAL PROCEDURE

CHAPTER XII ORDINARY PROCEDURE OF FIRST INSTANCE

SECTION 1 BRINGING A SUIT AND ACCEPTING A CASE

Article 108. The following conditions must be met when a suit is brought:

(1) the plaintiff must be an individual, legal person or any other organization that has a direct interest in the case;

(2) there must be a specific defendant;

(3) there must be a concrete claim, a factual basis, and a cause for the suit; and

(4) the suit must be within the scope of acceptance for civil lawsuits of the people's courts and within the specific jurisdiction of the people's court where it is filed.

Article 109. When bringing a suit, a bill of complaint shall be submitted to the people's court, and copies of the bill shall be prepared according to the number of defendants.

If a plaintiff has true difficulty in writing a bill of complaint, he may lodge his complaint orally, and the court shall transcribe it and inform the other party.

Article 110. A bill of complaint shall clearly set forth the following:

(1) the name, sex, age, ethnic status, occupation, work unit and address of each person who is a party to the case or, if a party is a legal person or any. other organization, its name, address and legal representative's or principal leading personnel's name and position;

(2) the claim of the lawsuit and the facts and grounds on which the lawsuit is based; and

(3) any evidence and its source, as well as the names and addresses of witnesses.

Article 111. The people's court must accept the lawsuits filed in conformity with the provisions of Article 109 of this Law. With respect to lawsuits described below, the people's court shall handle them according to their specific circumstances:

(1) With respect to those within the scope of acceptance for administrative lawsuits in accordance with the provisions of the Administrative Procedure Law, the people's court shall notify the plaintiff to institute an administrative lawsuit;

(2) According to legal provisions, if both parties have on voluntary basis reached a written agreement on arbitration concerning contract disputes that they shall apply to an arbitration agency for arbitration, and may not institute legal proceedings in a people's court, the people's court shall notify the plaintiff to apply to an arbitration agency for arbitration;

(3) With respect to disputes which, according to law, should be handled by other organs, the people's court shall notify the plaintiff to apply to the relevant organ for settlement;

(4) With respect to cases that are not under its jurisdiction, the people's court shall notify the plaintiff to bring a lawsuit in the competent people's court;

(5) With respect to cases in which a judgment or order has already taken legal effect, but one party again brings a suit, the people's court shall notify that party to file an appeal instead, with the exception of those cases in which an order is rendered by the people's court allowing the withdrawal of an action;

(6) If cases that are not permitted by law to be filed within a specified period are filed during the same period, they shall not be accepted;

(7) If a divorce suit in which a judgment has been made not granting the divorce, or in which both parties have become reconciled after conciliation, or in which the plaintiff has withdrawn the suit, or any suit concerning adoptive relationship in which a judgment has been made

or conciliation conducted to maintain the adoptive relationship is refilled within six months without new developments and reasons, it shall not be accepted, unless the suit is brought by the defendant of the original case.

Article 112. When a people's court receives a bill of complaint or an oral complaint and finds after review that it meets the requirements for acceptance, it shall file the case within seven days and notify the parties concerned; if the complaint does not meet the requirements for acceptance, the court shall within seven days order that the complaint be rejected. If the complainant has an objection against the order, he may file an appeal.

SECTION 2 PREPARATIONS FOR TRIAL

Article 113. The people's court shall send a copy of the bill of complaint to the defendant within five days from its acceptance of the case, and the defendant shall file a bill of defence within 15 days from his receipt of the copy of the bill of complaint.

If the defendant files a bill of defence, the people's court shall send a copy of the bill of defence to the plaintiff within five days from its receipt. Failure by the defendant to file a bill of defence shall not prevent the case from being heard by the people's court.

Article 114. The People's court shall, in relation to cases whose acceptance has been decided, notify the parties orally or in the notification on case acceptance or in notification on response to prosecution, of their relevant litigation rights and obligations.

Article 115. The parties shall be promptly notified after members of the collegial panel are decided.

Article 116. The judicial personnel must carefully examine the case materials and carry out investigation and collection of necessary evidence.

Article 117. The personnel sent by a people's court to conduct an investigation shall first show their credentials to the person being investigated. The written record of an investigation shall be checked by the person investigated and then signed or sealed by both the investigator and the investigated.

Article 118. A people's court may, when necessary, entrust a people's court in another locality with an investigation.

The entrusting people's court shall clearly set out the matters and requirements of the entrusted investigation. The entrusted people's court may on its own initiative conduct supplementary investigation.

The entrusted people's court shall complete the investigation within 30 days after receiving the rogatory letter. If for some reason it cannot complete the investigation, it shall notify the entrusting people's court in writing within the above-mentioned time limit.

Article 119. If a party who must participate in a joint lawsuit fails to participate in the proceedings, the people's court shall notify it to participate.

SECTION 3 TRIAL IN COURT

Article 120. Civil cases in a people's court shall be heard in public, except for those that involve state secrets or the private affairs of individuals or are otherwise provided by law.

A divorce case or a case involving trade secrets may not be heard in public if a party so requests.

Article 121. In handling civil cases, the people's courts shall, whenever necessary and possible, send out circuit tribunals to hold trials on the spot.

Article 122. The people's court shall notify the parties and other participants in civil case three days before the opening of a court session. If a case is to be heard in public, the names of the parties, the cause of action and the time and location of the court session shall be announced publicly.

Article 123. Before a court session is called to order, the court clerk shall ascertain whether or not the parties and other participants in the case are present and announce the rules of order of the court.

At the beginning of a trial, the presiding judge shall check the parties present, announce the cause of action and the names of the judicial personnel and court clerks, inform the parties of their relevant litigation rights and obligations and ask the parties whether or not they wish to apply for the withdrawal of any court personnel.

Article 124. Courtroom investigation shall be conducted in the following order:

(1) presentation of the statements by the parties;

(2) informing the witnesses of their rights and obligations, giving testimony by the witnesses and reading of the statements of absentee witnesses;

(3) presentation of documentary evidence, material evidence and audio-visual reference material;

(4) reading of the expert conclusions; and

(5) reading of the records of inquests.

Article 125. The parties may present new evidence during a court session.

With the permission of the court, the parties may put questions to witnesses, expert witnesses and inspectors.

The parties may request a new investigation expert evaluation or inquest, subject to the approval of the people's court.

Article 126. Additional claims by the plaintiff, counterclaims by the defendant and third-party claims related to the case may be tried together.

Article 127. Court debates shall be conducted in the following order:

(1) presentation of oral statements by the plaintiff and his agents ad litem;

(2) response by the defendant and his agents ad litem;

(3) presentation of oral statements or defence by the third party and its agents ad litem;

(4) debate between the two sides.

At the end of the court debate, the presiding judge shall ask each side to present his final arguments, with the plaintiff going first, then the defendant, and then the third party.

Article 128. At the end of the court debate, a judgment shall be made according to law. Where conciliation is possible prior to the rendering of a judgment, conciliation effort may be conducted; if conciliation proves to be unsuccessful, a judgment shall be made without delay.

Article 129. If a plaintiff has bee served with a legal subpoena from a people's court and refuses to appear in court without justified reason, or if he walks out during a court session without the permission of the court, the court may consider the plaintiff has applied to withdraw his complaint; if the defendant files a counterclaim, the court may make a judgment by default.

Article 130. If a defendant has been served with a legal subpoena from a people's court and refuses to appear in court without justified reason, or if he walks out during a court session without the permission of the court, the court may make a judgment by default.

Article 131. If a plaintiff applies to withdraw his complaints before judgment is pronounces, the people's court shall make an order regarding whether to grant approval.

If the withdrawal of complaints is disallowed by an order, and the palintiff, after having been served with a subpoena, refuses to appear in court without justified reason, the people's court may make a judgment by default.

Article 132. Under any of the following circumstances, court session for trail may be postponed:

(1) the parties of other participants in the proceedings required to appear in court fail to do so for justified reasons;

(2) a party requests the withdrawal of a member of the judicial personnel only presently;

(3) it is necessary to summon new witnesses to court, collect new evidence, make a new expert evaluation, hold another inquest, or make supplementary investigation; or

(4) other circumstances arise that warrant the postponement.

Article 133. The court clerk shall make a written record of the entire court proceedings, which shall be signed by the judicial personnel and the court clerk.

The court record shall be read out in court, or the parties and other participants in the proceedings may be notified to read the record while in court or within five days. If the parties or other participants in the proceedings consider that there are omissions or errors in the record of their statements, they shall have the right to apply for additions or corrections. If such additions or corrections are not made, the application shall be written into the case file.

The court record shall be signed or sealed by the parties and other participants in the proceedings. Refusal to do so shall be recorded in a note to be attached to the file.

Article 134. The people's court shall publicly pronounce its judgment in all case, whether publicly tried or not.

If a judgment is pronounced in court, the written judgment shall be issued and delivered within ten days; if a judgment is pronounced later on a fixed date, the written judgment shall be issued immediately after the pronouncement.

Upon pronouncement of a judgment, the parties must be informed of their right to file an appeal, the time limit for appeal and the court to which they may appeal.

Upon pronouncement of a divorce judgment, the parties must be informed not to remarry before the judgment takes legal effect.

Article 135. A people's court shall, in handling a case to which ordinary procedure is applied, close it within six months from filing the case. Where an extension of the term is necessary for special circumstances, a six-month extension may be given subject to the approval of the

president of the said court. Any further extension shall be reported to the people's court at a higher level for approval.

SECTION 4 SUSPENSION AND CONCLUSION OF A LAWSUIT

Article 136. A lawsuit shall be suspended, if it involves any of the following circumstances:

(1) one of the parties dies and it is necessary to wait for his to make clear whether he would participate in the proceedings;

(2) one of the parties has lost the capacity to engage in litigation and his agent ad litem has not been designated yet;

(3) the legal person or any other organization as one of the parties has terminated, and the person succeeding to its rights and obligations has not been determined yet;

(4) one of the parties is unable to participate in the proceedings for reasons of force majeure;

(5) the current case is dependent on the results of the trial of another case that has not yet been concluded; or

(6) other circumstances arise that warrant the suspension of the lawsuit.

The proceedings shall resume after the causes of the suspension have been eliminated.

Article 137. A lawsuit shall be concluded, if it involves any of the following circumstances:

(1) the plaintiff dies without an heir, or the heir waives his right of litigation;

(2) the defendant dies without estate and without a person who should succeed to his obligations;

(3) one of the parties in a divorce case dies.

(4) one of the parties in a case involving claims for overdue alimony, support for children or elders or a claim for the termination of adoptive relationship dies.

SECTION 5 JUDGMENT AND ORDER

Article 138. A judgment shall clearly set forth the following:

(1) the cause of action, the claims, and the facts of and reasons for the dispute;

(2) the facts and reasons on which the judgment is based and the law is applied;

(3) the result of the judgment and the litigation costs to be borne; and

(4) the time limit for filing an appeal and the appellate court with which the appeal may be filed.

The judgment shall be signed by the judicial personnel and the court clerk, and the seal of the people's court shall be affixed to it.

Article 141. If some of the facts in a case being tried by the people's court are already evident, the court may pass judgment on those facts first.

Article 140. Orders shall be applicable to the following:

(1) rejection of a lawsuit;

(2) objection to the jurisdiction of a court;

(3) rejection of a complaint;

(4) property preservation and preliminary execution;

(5) approval or disapproval of withdrawal of a lawsuit;

(6) suspension or conclusion of a lawsuit;

(7) correction of slips of pen in the judgment;

(8) suspension or termination of execution;

(9) cancellation of or refusal to enforce an arbitration award;

(10) refusal to enforce a document on creditor's rights which has been rendered executory by the notary office;

(11) other matters to be decided by an order.

An appeal may be lodged against an order applied to items (1), (2) and (3) of the preceding paragraph.

A written order shall be signed by the judicial personnel and the court clerk, and the seal of the people's court shall be affixed to it. If an order is issued orally, it shall be entered in the record.

Article 141. All judgments and orders of the Supreme People's Court, as well as judgments and orders that may not be appealed against according to law or have not been appealed against within the prescribed time limit, shall be legally effective.

CHAPTER XIII SUMMARY PROCEDURE

Article 142. When trying simple civil cases in which the facts are evident, relationship of rights and obligations is definite, and disputes are minor, the basic people's courts and the tribunals dispatched by them may apply the summary procedure stipulated in his Chapter.

Article 143. In simple civil cases, the plaintiff may lodge his complaint orally.

The two parties may appear at the same time at a basic people's court or a tribunal dispatched by it to request a solution of their dispute. The basic people's court or the tribunal dispatched by it may try the case immediately or set a date for the trial.

Article 144. In trying a simple civil case, the basic people's court or the tribunal dispatched by it may at any time use simplified methods to summon the parties and witnesses.

Article 145. Simple civil cases shall be tried by a single judge alone and the trial of such cases shall not be restricted by the provisions of Articles 123, 125, and 128 of this Law.

Article 146. The people's court shall, in handling a case to which summary procedure is applied, close it within three months from filing the case.

CHAPTER XIV PROCEDURE OF SECOND INSTANCE

Article 147. If a party refuses to accept a judgment of first instance of a local people's court, he shall have the right to file an appeal with the people's court at the next higher level within 15 days from the date on which the written judgment is served.

If a party refuses to accept an order of first instance of a local people's court, he shall have the right to file an appeal with a people's court at the next higher level within 10 days from the date on which the written order is served.

Article 148. In filing an appeal, an appeal petition shall be submitted. An appeal petition shall include the names of the parties, the names of the legal persons and their legal representatives or names of other organizations and their principal leading personnel; the name of the people's court where the case was originally tried; the case file number and the cause of action; and the claims of the appeal and reasons for it.

Article 149. An appeal petition shall be submitted through the people's court which originally tried the case, and copies of the petition shall be prepared according to the number of people in the other party or the representatives thereof.

If a party appeals directly to a people's court of second instance, the court shall within five days transfer the appeal petition to the people's court which originally tried the case.

Article 150. Within five days after receiving an appeal petition, the people's court which originally tried the case shall serve copies of the appeal petition on the other party. After receiving the copies of the appeal petition, the other party shall submit its defence within 15 days. The people's court shall, within five days from receiving the defence, serve copies of the defence on the appellant. Failure by the other party to submit a defence shall not prevent the case from being tried by the people's court.

After receiving the appeal petition and the defence, the people's court which originally tried the case shall, within five days, deliver them together with the entire case file and evidence to the people's court of second instance.

Article 151. With respect to an appealed case, the people's court of second instance shall review the relevant facts and the application of the law.

Article 152. When handling an appealed case, the people's court of second instance shall form a collegial panel and conduct a hearing. Having verified the facts of the case by consulting the files, making necessary investigations and questioning the parties, if the collegial panel considers that it is not necessary to hold a hearing, it may make a judgment or order without a hearing.

A people's court of second instance may try an appealed case in its own court or in the place where the case originated or where the people's court which originally tried the case is located.

Article 153. After hearing an appealed case, the people's court of second instance shall handle it respectively according to the conditions set forth below:

(1) If the facts were clearly ascertained and the law was correctly applied in the original judgment, the appeal shall be rejected by judgment and the original judgment shall be sustained;

(2) If the law was incorrectly applied in the original judgment, the judgment shall be amended according to law;

(3) If in the original judgment the facts were incorrectly ascertained or were not clearly ascertained and the evidence was inconclusive, the judgment shall be rescinded and the case remanded by an order to the original people's court for retrial, or the people's court of second instance may amend the judgment after investigating and clarifying the facts; or

(4) If in the original judgment a violation of the prescribed procedure may have affected the correctness of the judgment, the judgment shall be rescinded and the case remanded by an order to the original people's court for retrial.

The parties may appeal against the judgment or order rendered in a retrial of their case.

Article 154. A people's court of second instance shall use orders in all cases of appeal against the orders made by the people's court of first instance.

Article 155. In handling an appealed case, a people's court of second instance may conduct conciliation. If an agreement is reached through conciliation, a conciliation statement shall be made and signed by the judicial personnel and the court clerk, and the seal of the people's court shall be affixed to it. After the conciliation statement has been served, the judgment of the people's court which originally tried the case shall be considered rescinded.

Article 156. If an appellant requests to withdraw his appeal before a people's court of second instance pronounces its judgment, the court shall give an order with regard to approving or disapproving the request.

Article 157. When a people's court of second instance handles an appealed case, it shall apply the ordinary procedure for trials of first instance, unless otherwise stipulated in this Chapter.

Article 158. The judgments and orders of a people's court of second instance shall be final.

Article 159. In trying an appealed case against a judgment, the people's court shall make a final judgment within three months after the case was filed as one of second instance. Any extension of the term necessitated by special circumstances shall be subject to the approval of the president of the said court.

In trying an appealed case against an order, the people's court shall make a final order within 30 days after the case was filed as one of second instance.

CHAPTER XV SPECIAL PROCEDURE

SECTION 1 GENERAL STIPULATIONS

Article 160. When a people's court handles cases concerning the credentials of voters, the proclamation of a person as missing or dead, the determination of a citizen as incompetent or with limited capacity for civil conduct and the determination of a property as ownerless, the provisions of this Chapter shall apply. For matters not covered in this Chapter, the relevant provisions of this Law and other laws shall apply.

Article 161. With respect to a case tried in accordance with the procedure stipulated in this Chapter, the judgment of first instance shall be final. A collegial panel of judges shall be formed for the trial of any case involving the credentials of voters or any major, difficult or complicated case; other cases shall be tried by a single judge alone.

Article 162. If a people's court, while trying a case in accordance with the procedure stipulated in this Chapter, discovers that the case involves a dispute over rights and interests in civil affairs, it shall make an order to terminate the special procedure and inform the interested parties to bring another suit.

Article 163. The people's court shall, in trying cases to which special procedure is applied, close them within one month from filing the case or within one month from expiration of the term set forth in the public notice. Any extension of the term necessitated by special circumstances shall be subject to the approval of the president of the said court, however, except cases concerning the credentials of voters.

SECTION 2 CASES CONCERNING THE CREDENTIALS OF VOTERS

Article 164. If citizens refuse to accept an election committee's decision on an appeal concerning the credentials of voters, they may, five days before the election day, bring a suit in the basic people's court located in their electoral district.

Article 165. After a people's court has accepted a case concerning the credentials of voters, it must close the case before the election day.

The prosecutor, a representative of the election committee and other citizens concerned must participate in the proceedings.

The written judgment of the people's court shall be served on the election committee and the prosecutor before the election day, and other citizens concerned shall be notified of the judgment.

SECTION 3 CASES CONCERNING THE PROCLAMATION OF A PERSON AS MISSING OR DEAD

Article 166. With respect to a citizen whose whereabouts have been unknown for two years, if the interested party applies for proclaiming the person as missing, the application shall be filed with the basic people's court in the locality where the missing person has his domicile.

The application shall clearly state the facts and time of the disappearance as well as the action requested, and documentary evidence from a public security organ or other relevant organs concerning the disappearance of the citizen shall be appended.

Article 167. With respect to a citizen whose whereabouts have been unknown for four years or whose whereabouts have been unknown for two years after an accident in which he was involved, or whose whereabouts have been unknown after an accident in which he was involved and, upon verification by the relevant authorities, the said citizen is unable to survive, if the interested party applies for proclaiming such person as dead, the application shall be filed with the basic people's court in the locality where the missing person has his domicile.

The application shall clearly state the facts and time of the disappearance as well as the action requested, and documentary evidence from a public security organ or other relevant organs concerning the disappearance of this citizen shall be appended.

Article 168. After accepting a case concerning a proclamation of a person as missing or dead, the people's court shall issue a public search notice for the person whose whereabouts have been unknown. The time limit of the notice on the proclamation of a person as missing shall be three months, and the time limit of the notice on the proclamation of a person as dead shall be one year. Where a citizen's whereabouts have been unknown after an accident in which he was involved and, upon verification by the relevant authorities, the said citizen is unable to survive, the time limit of the notice on the proclamation of such person as dead shall be three months.

On the expiration of the time limit of the public notice, the people's court shall, depending on whether the facts about the missing or death of the person have been confirmed, make a judgment proclaiming the person as missing or dead or make a judgment to reject the application.

Article 169. Should a person who has been proclaimed as missing or dead by a people's court reappear, the people's court shall, upon the application of that person or an interested party, make a new judgment and annul the previous one.

SECTION 4 CASES CONCERNING THE DETERMINATION OF A CITIZEN AS INCOMPETENT OR WITH LIMITED CAPACITY FOR CIVIL CONDUCT

Article 170. An application for determining a citizen as incompetent or with limited capacity for civil conduct shall be filed by the citizen's near relatives or any other interested party with the basic people's court in the locality where the citizen has his domicile.

The application shall clearly state the facts and grounds on which the citizen's incompetence or limited capacity for civil conduct is claimed.

Article 171. After accepting such an application, the people's court shall, when necessary, have an expert evaluation on the citizen whose incompetence or limited capacity for civil conduct is claimed; if the applicant has already provided an evaluation conclusion, the people's court shall examine the conclusion.

Article 172. When the people's court handles a case for determining a citizen as incompetent or with limited capacity for civil conduct, a near relative of the citizen shall be the agent ad litem, however, except the applicant. If the near relatives shift the responsibility onto one another, the people's court shall appoint one of them as an agent ad litem for the citizen. If the citizen's state of health permits, the people's court shall also question the citizen.

If the people's court is convinced, after trial, that the application is based on facts, it shall make a judgment determining the citizen as incompetent or with limited capacity for civil conduct; if the court finds that the application is not based on facts, it shall make a judgment to reject it.

Article 173. If, upon the application of a person who has been determined as incompetent or with limited capacity for civil conduct or of his guardian, the people's court verifies that the causes of that person's incompetence or limited capacity for civil conduct has been eliminated, it shall make a new judgment and annul the previous one.

SECTION 5 CASES CONCERNING THE DETERMINATION OF A PROPERTY AS OWNERLESS

Article 174. An application for determining a property as ownerless shall be filed by a citizen, legal person or any other organization with the basic people's court in the place where the property is located.

The application shall clearly state the type and quantity of the property and the grounds on which the application for determining the property as ownerless is filed.

Article 175. The people's court shall, after accepting such an application and upon examination and verification, issue a public notice for the claim of the property. If no one claims the property within one year from the issue of the public notice, the people's court shall make a judgment determining the property as ownerless and turn it over to the state or the collective concerned.

Article 176. If, after a property has been determined by a judgment as ownerless, the owner of the property or his heir appears and claims the property, the people's court shall, after examination and verification, make a new judgment and annul the previous one.

CHAPTER XVI PROCEDURE FOR TRIAL SUPERVISION

Article 177. If the president of a people's court at any level finds some definite error in a legally effective judgment or order of his court and deems it necessary to have the case retried, he shall refer it to the judicial committee for discussion and decision.

If the Supreme People's Court finds some definite error in a legally effective judgment or order of a local people's court at any level, or if a people's court at a higher level finds some definite error in a legally effective judgment or order of a people's court at a lower level, it shall have the power to bring the case up for trial itself or direct the people's court at a lower level to conduct a retrial.

Article 178. If a party considers that a legally effective judgment or order has some error, he may apply to the people's court which originally tried the case or to a people's court at the next higher level for retrial; however, execution of the judgment or order shall not be suspended.

Article 179. If an application made by a party involves any of the following circumstances, the people's court shall retry the case:

(1) the new evidence is conclusive enough to repudiate the original judgment or order;

(2) the main evidence on which the facts were ascertained in the original judgment or order was insufficient;

(3) there was error in the application of the law in the original judgment or order;

(4) a violation of the legal procedure by a people's court may have affected the correctness of the judgment or order in the case;

(5) the judicial personnel committed embezzlement, accepted bribes, practised malpractice for personal benefits and twisted the law in trial of the case.

The people's court shall reject the application that does not meet any of the conditions specified in the preceding paragraph.

Article 180. With respect to a legally effective conciliation statement, if evidence provided by a party proves that the conciliation violates the principle of voluntariness and the content of the conciliation statement is in violation of the law, he may apply for a retrial. The people's court shall, upon examination and verification, retry the case.

Article 181. with respect to a legally effective judgment on dissolution of marriage, no party shall apply for a retrial.

Article 182. Any application for a retrial by a party shall be made within two years after the judgment or order becomes legally effective.

Article 183. When a decision is made to retry a case in accordance with the procedure for trial supervision, the execution of the original judgment shall be ordered to be suspended. The order shall be signed by the president of the court, and the seal of the people's court shall be affixed to it.

Article 184. With respect to a case to be retried by a people's court in accordance with the procedure for trial supervision, if the legally effective judgment or order was made by a court of first instance, it shall be handled in accordance with the procedure of first instance, and the parties may appeal against the new judgment or order; if the legally effective judgment or order was made by a court of second instance, it shall be handled in accordance with the procedure of second instance, and the new judgment or order shall be legally effective; if it is a case which was brought up for trial by a people's court at a higher level, it shall be handled in accordance with the procedure of second instance, and the new judgment or order shall be legally effective.

The people's court shall, in retrying a case, form a new collegial pannel.

Article 185. If the Supreme People's Procuratorate discovers that a legally effective judgment or order made by a people's court at any level, or if a people's procuratorate at a higher level discovers that a legally effective judgment or order made by a people's court at a lower level, involves any of the following circumstances, the Supreme People's Procuratorate or the people's procuratorate at a higher level shall respectively lodge a protest in accordance with the procedure for trial supervision:

(1) the main evidence ascertaining the facts in the previous judgment or order was insufficient;

(2) there was error in the application of the law in the previous judgment or order;

(3) a violation of the legal procedure may have affected the correctness of the judgment or order; or

(4) the judicial personnel committed embezzlement, accepted bribes, practiced malpractice for personal benefits and twisted the law in trail of the case.

If a local people's procuratorate at any level discovers that a legally effective judgment or order made by a people's court at the corresponding level involves any of the circumstances mentioned in the preceding paragraph, it shall refer the matter to the people's procuratorate at a higher level for a protest to be lodged by the latter in accordance with the procedure for trial supervision.

Article 186. Cases protested by the people's procuratorate shall be retried by the people's court.

Article 187. When the people's procuratorate decides to lodge a protest against a judgment or order made by a people's court, it shall produce a written protest.

Article 188. The people's court shall, in retrying a case protested by the people's procuratorate, notify the people's procuratorate to send personnel to the court.

CHAPTER XVII SUMMARY PROCEDURE FOR RECOVERING A DEBT

Article 189. When a creditor requests payment of money or negotiable instrument from a debtor, if the following requirements are met, he may apply to the basic people's court that has jurisdiction for a payment warrant. The relevant requirements are:

(1) the creditor and the debtor are not involved in other obligation disputes; and

(2) the payment warrant can be served on the debtor.

The application shall clearly state the requested amount of money or quantity of negotiable instrument and the facts and evidence on the basis of which the request is made.

Article 190. After a creditor has submitted his application, the people's court shall within five days inform the creditor whether it has accepted his application.

Article 191. After accepting the application, the people's court shall, upon examination of the facts and evidence provided by the creditor, if the relationship of the creditor's rights and the debtor's obligations is definite and legitimate, issue a payment warrant to the debtor within 15 days from accepting the application.

If the application is untenable, the people's court shall render an order to reject it.

The debtor shall, within 15 days from the receipt of the payment warrant, clear off his debts or submit a written objection to the people's court.

If the debtor has neither submitted an objection nor complied with the payment warrant within the time limit specified in the preceding paragraph, the applicant may apply to the people's court for execution.

Article 192. The people's court shall, on receiving the written objection submitted by the debtor, make an order to conclude the summary procedure for recovering a debt and the payment warrant shall be invalidated automatically, the creditor may then institute a lawsuit.

CHAPTER XVIII PROCEDURE FOR PUBLIC INVITATION TO ASSERT CLAIMS

Article 193. Any holder of a bill which may be endorsed over according to regulations may, if the bill is stolen, lost, or missing, apply for public invitation to assert claims to the basic people's court in the place where the bill is to be paid. The provisions of this Chapter shall apply to other matters to which, according to legal provisions, public invitation to assert claims may be applicable.

Anyone who applies for public invitation to assert claims shall submit to the people's court an application which shall clearly states the main contents of the bill such as the face amount, the issuer, the holder, the endorser, and the grounds and facts on which the application is made.

Article 194. The people's court shall, upon deciding to accept the application, notify the payor to suspend the payment, and within 3 days issue a public notice to invite the interested parties to assert claims. The time limit of the public notice shall be at the discretion of the people's court, however, it shall not be less than two months.

Article 195. The payor shall, on receiving the notification on suspension of payment issued by the people's court, suspend its payment till the conclusion of the procedure for public invitation to assert claims.

Within the time limit of the public notice, any act relating to the transfer of the rights in the bill shall be of no force.

Article 196. The interested parties shall apply to the people's court for asserting claims within the time limit of the public notice. After receiving an application of the interested party for asserting claims, the people's court shall make an order to conclude the procedure for public invitation to assert claims and notify the applicant and the payor.

The applicant or the claimant may institute a lawsuit in the people's court.

Article 197. If no one asserts claims, the people's court shall make a judgment on the basis of the application to declare the bill null and void. The judgment shall be announced in a public notice, and the payor of the bill shall be notified of the judgment. As of the date of the public notice, the applicant shall be entitled to claim payment from the payor.

Article 198. If an interested party for justified reasons was unable to apply to the people's court for asserting claims before the judgment was made, he may, within one years from the day he knew or should have known of the public notice of the judgment, institute a lawsuit in the people's court which made the judgment.

CHAPTER XIX PROCEDURE FOR BANKRUPTCY OF ENTERPRISES AS LEGAL PERSONS

Article 199. If an enterprise as legal person is in serious losses and unable to repay the debts that are due, the creditors may apply to a people's court for declaring the debtor's bankruptcy repayment, the debtor may also file at a people's court to declare bankruptcy repayment.

Article 200. After rendering an order to declare bankruptcy repayment, the people's court shall notify the debtors and the known creditors within ten days and make a public announcement.

Creditors who have been notified shall, within one month after receiving the notice, and creditors who have not been notified shall, within three months after the date of the announcement, report their claims to the people's court Creditors who do not report their claims during these periods shall be deemed to have abandoned their claims.

Article 201. The people's court may set up a liquidation team composed of relevant state organs and personnel. The liquidation teem shall be responsible for the keeping, putting into order, appraisal, disposition and distribution of the bankruptcy property. The liquidation team may carry out necessary civil actions in accordance with the law.

The liquidation team shall be responsible to, and report on its work to, the people's court.

Article 202. Enterprises as legal persons and the creditors may institute a compromise. After they have reached a settlement agreement which has been recognized by the people's court, the people's court shall make a public announcement and suspend the bankruptcy repayment proceedings. The settlement agreement shall have legal effect from the date of the public announcement.

Article 203. With respect to property that already constitutes security for such obligatory rights as loan from a bank and for other surety, the bank and other creditors shall have priority in receiving repayment with respect to such security or other surety. If the value of the security and other surety exceeds the amount of debts that they secure, the exceeding portion shall be the bankruptcy repayment property.

Article 204. After the prior deduction of bankruptcy expenses from the bankruptcy property, repayment shall be made in the following order:

(1) wages of staff and workers and labour insurance expenses that are owed by the bankrupt enterprise;

(2) taxes that are owed by the bankrupt enterprise; and

(3) bankruptcy claims.

Where the bankruptcy property is insufficient to repay all the repayment needs within a single order of priority, it shall be distributed on a pro-rata basis.

Article 205. The bankruptcy repayment of an enterprise as legal person shall be under the jurisdiction of the people's court in the place where the enterprise as legal person is located.

Article 206. With respect to the procedure for bankruptcy repayment of enterprises owned by the whole people, the provisions of the Law of the People's Republic of China on Enterprise Bankruptcy shall apply.

With respect to enterprises without legal personality, individual business, leaseholding farm households and individual partnership, the provisions of this Chapter shall not apply.

PART THREE PROCEDURE OF EXECUTION

CHAPTER XX GENERAL STIPULATIONS

Article 207. Legally effective judgments or orders in civil cases, as well as the parts of judgments or orders that relate to property in criminal cases, shall be executed by the people's court that tried the case in the first instance.

Other legal documents which are to be executed by a people's court as prescribed by law shall be executed by the people's court in the place where the person subject to execution has his domicile or where the property subject to execution is located.

Article 208. If in the course of execution a person who is not involved in the case raises an objection with respect to the object of the execution, the execution officer shall review the objection in accordance with the procedure as prescribed by law. If the objection is untenable, it shall be rejected; if the objection is tenable, it shall be submitted to the president of the court for an approval of the suspension of execution. If any definite error is found in the judgment or order, it shall be dealt with in accordance with the procedure for trial supervision.

Article 209. The execution shall be carried out by the execution officer.

In carrying out a compulsory execution measure, the execution officer shall show his credentials. After the execution is completed, the execution officer shall make a record of the particulars of the execution, and have it signed or sealed by the persons concerned on the scene.

The basic people's court and the intermediate people's court may, in the light of needs, establish executive organs, whose functions shall be defined by the Supreme People's Court.

Article 210. If a person or property subject to execution is in another locality, the people's court in that locality may be entrusted with enforcement of the execution. The entrusted people's court shall begin the execution within 15 days after receiving a letter of entrustment and shall not refuse to do so. After the execution has been completed, the entrusted people's court shall promptly inform the entrusting people's court, by letter, of the result of the execution. If the execution has not been completed within one month, the entrusted people's court shall also inform the entrusting people's court, by letter, of the particulars of the execution.

If the entrusted people's court fails to enforce the execution within 15 days after receiving the letter of entrustment, the entrusting people's court may request the people's court at a higher level of the entrusted people's court to instruct the entrusted people's court to enforce the execution.

Article 211. If in the course of execution the two parties reconcile themselves and reach a compromise on their own initiative, the execution officer shall make a record of the terms of the compromise, and both parties shall affix their signatures or seals to it.

If one party fails to fulfill the conciliation agreement, the people's court may, at the request of the other party, resume the execution of the legal document which is formerly effective.

Article 212. In the course of execution, if the person subject to execution provides surety, the people's court may, with the consent of the person who has applied for execution, decide to suspend the execution and to defer the time limit for execution. If the person subject to execution fails again to enforce the execution within the new time limit, the people's court shall have the power to execute the guaranteed property of the person subject to execution or the property of the guarantor.

Article 213. If the citizen subject to execution dies, his debts shall be paid off from his estate; if a legal person or any other organization as the party subject to execution terminates, the party that succeeds to its rights and obligations shall fulfill the obligations.

Article 214. After the execution has been enforced in accordance with a judgment or order or other legal documents, if definite error has been found in such judgment, order or legal document and therefore it has been revoked by the people's court, the people's court shall, with respect to the property which has been executed, render an order that persons who have obtained the property should return it. In the event of refusal to return the property, compulsory execution shall be enforced.

Article 215. The provisions of this Part shall be applicable to the execution of conciliation statements as drawn up by the people's court.

Article 216. The parties must comply with legally effective judgments or orders in civil cases. If a party refuses to comply, the other party may apply to the people's court for execution, or the judge may refer the matter to the execution officer for execution.

The parties must comply with the conciliation statements and other legal documents that are to be executed by the people's court. If a party refuses to comply, the other party may apply to the people's court for execution.

Article 217. If a party fails to comply with a legally effective award of an arbitration agency established according to law, the other party may apply for execution to the people's court which has jurisdiction over the case. The people's court so applied to shall execute the said award.

Should the party against whom the application is made provide evidence which proves that the arbitration award involves any of the following circumstances, the people's court shall, after examination and verification by a collegial panel, order to cancel the arbitration award:

(1) the parties have not stipulated clauses on arbitration in the contracts, or have not subsequently reached a written agreement on arbitration;

(2) matters decided exceed the scope of the arbitration agreement or the limits of authority of the arbitration agency;

(3) the composition of the arbitration division or the procedure for arbitration is not in conformity with the legal procedure.

(4) the main evidence for ascertaining the facts is insufficient;

(5) there is errors in the application of the law; or

(6) the arbitrators committed acts of malpractice for personal benefits and perverted the law in the arbitration of the case;

If the people's court determines that the execution of the arbitration award would contradict the social and public interest, it shall order to cancel the award.

The above-mentioned order shall be served on both parties and the arbitration agency.

In the event that an arbitration award is canceled by an order of the people's court, the parties may, in accordance with the written agreement on arbitration reached between the two parties, apply to the arbitration agency for arbitration anew and may also bring a lawsuit in the people's court.

Article 218. If a party fails to comply with a document of creditor's rights that has been rendered executory according to law by a notary office, the other party may apply to the people's court which has jurisdiction over the case for execution. The people's court so applied to shall execute such document.

If the people's court finds some definite error in the notarized document of creditor's rights, it shall order to disallow the execution and serve the order on both parties as well as the notary office.

Article 219. The time limit for the submission of an application for execution shall be one year if one or both of the parties are citizens; it shall be six months if both parties are legal persons or other organizations.

The above-mentioned time limit shall be calculated from the last day of the period specified by the legal document for its performance. If the legal document specifies that it shall be performed in stages, the time limit shall be calculated from the last day of the period specified for each stage of performance.

Article 220. The execution officer shall, after receiving the application for execution or the writ of referral of execution, send a notification on execution to the person subject to execution, instructing him to perform the execution within the specified time limit. If the person fails to perform the execution within the time limit, compulsory execution shall be enforced.

CHAPTER XXII EXECUTION MEASURES

Article 221. If the person subject to execution fails to fulfill the obligations specified in the legal document as instructed by the notice on execution, the people's court shall have the power to make inquiries to banks, credit cooperatives or other units that deal with savings deposits about the savings deposits of the person subject to execution, and shall have the power to freeze and transfer the savings deposits of the person subject to execution, however, the injury, freezing or transfer of the deposits shall not exceed the scope within which the person subject to execution should fulfill his obligations.

The people's court shall, in deciding to freeze or transfer a deposit, pass an order and issue a notice on assistance in execution. Banks, credit cooperatives or other units that deal with savings deposits must comply with the notice.

Article 222. If the person subject to execution fails to fulfill the obligations specified in the legal documents as instructed by the notice on execution, the people's court shall have the power to withhold or withdraw the income of the person subject to execution within the scope of the obligation that the person subject to execution should fulfill, however, it shall leave the necessary living expenses for the person and his dependent family members.

The people's court shall, when withholding or withdrawing the income, pass an order and issue a notice on assistance in execution. The unit in which the person subject to execution works, banks, credit cooperatives or other units that deal with savings deposits must comply with the notice.

Article 223. If the person subject to execution fails to fulfill the obligation specified in the legal document as instructed by the notice on execution, the people's court shall have the power to seal up, distrain, freeze, or sell off the property of the person subject to execution at

reduced or the current price within the scope of the obligations that the person subject to execution should fulfill, however, it shall leave the articles of daily necessity for the person and his dependent family members.

The people's court shall render an order regarding the adoption of the measures specified in the preceding paragraph.

Article 224. When the people's court seals up or distrains a property, if the person subject to execution is a citizen, it shall notify the person and an adult member of his family to appear on the scene; if the person subject to execution is a legal person or any other organization, it shall notify its legal representatives or principal leading personnel to appear on the scene. Their refusal to appear in the scene shall not stop the execution. If the person subject to execution is a citizen, his unit or the grass-roots organization in the place where his property is located shall send people to participate.

An inventory of the sealed-up or distrained property must be made by the execution officer and, after the inventory has been signed or sealed by the persons on the scene, a copy of it shall be given to the person subject to execution or, if the person subject to execution is a citizen, it may also be given to an adult member of his family.

Article 225. The execution officer may assign the responsibility of safekeeping the sealed-up property to the person subject to execution, and the person shall be held responsible for any losses incurred due to his fault.

Article 226. After a property has been sealed up or distrained, the execution officer shall instruct the person subject to execution to fulfill, within the prescribed time limit, the obligations specified in the legal document. If the person fails to fulfill his obligations within the prescribed time limit, the people's court may, in accordance with relevant regulations, entrust the relevant units with the selling of the sealed-up or distrained property at reduced or the current price. Articles which are prohibited from free trading by the state shall be delivered to and purchased by the relevant units at the price set down by the state.

Article 227. If the person subject to execution fails to fulfill the obligations specified in the legal document and conceals his property, the people's court shall have the power to issue a search warrant and carry out a search on the person subject to execution and in his domicile or in the place where the property is concealed.

The adoption of the measures mentioned in the preceding paragraph shall be subject to a search warrant signed by the president of the people's court.

Article 228. The property or negotiable instrument specified for delivery in the legal document shall be delivered in the presence of both parties summoned by the execution officer to the recipient, who shall sign a receipt.

Any unit concerned that holds the property or negotiable instrument at issue shall pass it on in accordance with the notice on assistance in execution of the people's court, and the recipient shall sign a receipt.

If any citizen concerned holds the property or negotiable instrument at issue, the people's court shall notify him to relinquish them. If he refuses to do so, compulsory execution shall be enforced.

Article 229. Compulsory eviction from a building or a plot of land shall require a public notice signed and issued by the president of a people's court, instructing the person subject to execution to perform it within a designated period of time. If the person fails to do so within the given time, compulsory execution shall be enforced by the execution officer.

When a compulsory execution is being enforced, if the person subject to execution is a citizen, the person or an adult member of his family shall be notified to be present; if the person subject to execution is a legal person or any other organization, its legal representatives or principal leading personnel shall be notified to be present; their refusal to be present shall not stop the execution. If the person subject to execution is a citizen, his work unit or the grass-roots organization in the locality of the building or the plot of land at issue shall send people to participate. The execution officer shall make a record of the particulars of the compulsory execution, and the people on the scene shall affix their signatures or seals to the record.

The people's court shall assign personnel to transport the property involved in a compulsory eviction from a building to a designated location and deliver it to the person subject to execution or to an adult member of his family; if any loss is incurred due to the person's refusal to accept the property, he shall be held responsible for it.

Article 230. In the course of execution, if some formalities for certificates transfer need to be gone through, the people's court may issue a notice on assistance in execution to relevant units, which must comply with the notice.

Article 231. If the person subject to execution fails to fulfill the performance required of him by a judgment or order or any other legal document as instructed by the notice on execution, the people's court may enforce compulsory execution or entrust the performance to a relevant unit or other persons, and the person subject to execution shall bear the expenses thus incurred.

Article 232. If the person subject to execution fails to fulfill his obligations in respect to payment of money within the time limit specified by a judgment or order or any other legal document, he shall pay a multiplied interest on the debt for the period of deferred fulfillment. If the person subject to execution fails to fulfill his other obligations within the time limit specified by a judgment or order or any other legal document, he shall pay a surcharge for the deferred fulfillment.

Article 233. After the adoption of the execution measures stipulated in Article 222, 223 and 224 of this Law, if the person subject to execution is still unable to repay its debts, it shall continue to fulfill his obligations. Once the creditor discovers that the person subject to execution has any other property, the creditor may at any time apply to the people's court for execution.

CHAPTER XXIII SUSPENSION AND CONCLUSION OF EXECUTION

Article 234. Under any of the following circumstances, the people's court shall order suspension of an execution:

(1) the applicant indicates that the execution may be postponed;

(2) a person not involved in the case raises a justified objection to the object of the execution;

(3) a citizen as one of the parties dies and it is necessary to wait for an heir to inherit the rights of the deceased or to succeed to his obligations;

(4) a legal person or any other organization as one of the parties terminates, and the person succeeding to its rights and obligations has not been determined; or

(5) other circumstances occur under which the people's court deems the execution should be suspended.

Execution shall be resumed when the circumstances which caused the suspension of execution have disappeared.

Article 235. Under any of the following circumstances, the people's court shall order conclusion of an execution:

(1) the applicant has withdrawn his application;

(2) the legal document on which the execution is based has been repealed;

(3) the citizen subject to execution dies and there is no estate to be executed and no one to succeed to his obligations;

(4) the person entitled to claim alimony or support for children or elders dies;

(5) the citizen subject to execution is too badly off to repay his debts, has no source of income and loses his ability to work as well; or

(6) other circumstances occur under which the people's court deems the execution should be concluded.

Article 236. An order to suspend or conclude an execution shall become effective immediately after being served on the parties concerned.

PART FOUR SPECIAL STIPULATIONS FOR CIVIL PROCEDURES INVOLVING FOREIGN INTERESTS

CHAPTER XXIV GENERAL PRINCIPLES

Article 237. The provisions of this Part shall be applicable to any civil lawsuit involving foreign interests within the territory of the People's Republic of China. Where it is not covered by the provisions of this Part, other relevant provisions of this Law shall apply.

Article 238. If an international treaty concluded or acceded to by the People's Republic of China contains provisions differing from those found in this Law, the provisions of the international treaty shall apply, unless the provisions are the ones on which China has announced reservations.

Article 239. Any civil lawsuits brought against a foreign national, a foreign organization or an international organization that enjoys diplomatic privileges and immunities shall be dealt with in accordance with the relevant laws of the People's Republic of China and with the international treaties concluded or acceded to by the People's Republic of China.

Article 240. In conducting trials of civil cases involving foreign interests, the people's court shall use the spoken and written languages commonly used in the People's Republic of China. Translation may be provided at the request of the parties concerned, and the expenses shall be borne by them.

Article 241. When foreign nationals, stateless persons or foreign enter prises or organizations need to appoint lawyers as agents ad litem to institute or respond to prosecutions in the people's court, they must appoint lawyers of the People's Republic of China.

Article 242. Any power of attorney mailed or forwarded from outside the territory of the People's Republic of China by a foreign national, stateless person or a foreign enterprise or organization that has no domicile in the People's Republic of China to appoint a lawyer or any other person of the People's Republic of China as an agent ad litem must be authenticated by a notarial office in the country where that person or enterprise or organization has domicile and confirmed by the Chinese embassy or consulate stationed in that country or must go through the notarial formalities stipulated in the relevant bilateral treaties between China and that country before it becomes effective.

CHAPTER XXV JURISDICTION

Article 243. A lawsuit brought against a defendant who has no domicile in the People's Republic of China concerning a contract dispute or other disputes over property rights and interests, if the contract is signed or performed within the territory of the People's Republic of China, or the object of the action is within the territory of the People's Republic of China, or the defendant has distrainable property within the territory of the People's Republic of China, or the defendant has its representative agency, branch or business agent within the territory of the People's Republic of China, may be under the jurisdiction of the people's court in the place where the contract is signed or performed, or where the object of the action is located, or where the defendant's distrainable property is located, or where the infringing act takes place, or where the representative agency, branch or business agent is located.

Article 244. Parties to a dispute over a contract involving foreign interests or over property rights and interests involving foreign interests may, through written agreement, choose the people's court in the place which has actual connections with the dispute as the jurisdictional court. If a people's court of the People's Republic of China is chosen as the jurisdictional court, the stipulations on jurisdiction by level and exclusive jurisdiction in this Law shall not be contravened.

Article 245. If the defendant in a civil lawsuit involving foreign interests raises no objection to the jurisdiction of a people's court, responds to the prosecution and replies to his defence, he shall be deemed to have admitted that this people's court has jurisdiction over the case.

Article 246. Lawsuits initiated for disputes arising from the performance of contracts for Chinese-foreign equity joint ventures, or Chinese-foreign contractual joint ventures, or Chinese-foreign cooperative exploration and development of the natural resources in the People's Republic of China shall be under the jurisdiction of the people's courts of the People's Republic of China.

CHAPTER XXVI SERVICE AND TIME PERIODS

Article 247. A people's court may serve litigation document to a party who has no domicile within the territory of the People's Republic of China by the following methods:

(1) it may serve by the method specified in the international treaties concluded or acceded to by both the People's Republic of China and the country where the recipient of service resides;

(2) it may serve through diplomatic channels;

(3) it may entrust the service to the embassy or consulate of the People's Republic of China stationed in the country where the recipient of service resides,

(4) it may serve through the agent ad litem who is empowered by the recipient of service to receive the service for it;

(5) it may serve through the party's representative agency within the territory of the People's Republic of China, or the branch or business agent empowered to receive the service for it;

(6) it may serve by post if the law of the country where the recipient of service resides so permits; in the event that no receipt is returned sixty days after the date on which the document was posted, but various circumstances justify the assumption that it has been served, the service shall be deemed completed upon the expiration of the time limit; and

(7) it may serve by public notice, if none of the above-mentioned methods can be employed. The service shall be considered completed three months after the date on which the public notice was issued.

Article 248. If a defendant has no domicile in the People's Republic of China, the people's court shall serve a copy of the bill of complaint on the defendant and notify him to forward his bill of defence within 30 days after he receives the copy of the bill of complaint. Any extension of the term requested by the defendant shall be at the discretion of the people's court.

Article 249. If any party who has no domicile in the People's Republic of China is dissatisfied with a judgment or order made by a people's court of first instance, he shall have the right to file an appeal within 30 days from the date the written judgment or order is served. The appellee shall forward his bill of defence within 30 days after he has received a copy of the appeal petition. If a party is unable to file an appeal or forward a bill of defence within the period of time prescribed by law, and therefore requests an extension of the period, the people's court shall decide to approve or disapprove it.

Article 250. The time period for handling a civil case involving foreign interests by the people's court shall not be limited by the provisions of Article 138 and 163 of this Law.

CHAPTER XXVII PROPERTY PRESERVATION

Article 251. The parties may, in accordance with the provisions of Article 93 of this Law, apply to the people's court for property preservation.

The interested parties may, in accordance with the provisions of Article 94 of this Law, apply to the people's court for property preservation before a lawsuit is brought.

Article 252. After a people's court has ordered to grant property preservation before litigation, the applicant shall bring a lawsuit within 30 days. If he fails to bring a lawsuit within the time limit, the people's court shall cancel the property preservation.

Article 253. After the people's court has ordered to grant property preservation, if a surety is provided by the person against when the application is made, the people's court shall cancel the property preservation.

Article 254. If an application is wrongfully made, the applicant shall compensate the person against whom the application is made for losses incurred by the property preservation.

Article 255. If a property preserved by a people's court needs to be kept under surveillance, it shall notify the unit concerned to be responsible for the surveillance, and the person against whom the application is made shall bear the expenses thus incurred.

Article 256. An order to cancel the preservation issued by a people's court shall be carried out by an execution officer.

CHAPTER XXVIII ARBITRATION

Article 257. With respect to contract disputes arise from the foreign economic, trade, transport or maritime activities of China, if the parties have stipulated clauses on arbitration in the contract or have subsequently reached a written agreement on arbitration, they shall submit such disputes for arbitration to the foreign affairs arbitration agency of China, and they shall not bring a suit in a people's court.

If the parties have not stipulated clauses on arbitration in the contract or have not subsequently reached a written agreement on arbitration, they may file a lawsuit in the people's court.

Article 258. If any party has applied for the adoption of property preservation measures, the foreign affairs arbitration agency of the People's

Republic of China shall submit for an order the party's application to the intermediate people's court in the place where the person against whom the application is filed has his domicile or where the said person's property is located.

Article 259. If one party fails to comply with the award made by the foreign affairs arbitration agency of the People's Republic of China, the other party may apply for execution to the intermediate people's court in the place where the person against whom the application is made has his domicile or where the property of the said person is located.

Article 260. If the person against whom the application is made provides evidence which proves that the arbitration award made by the foreign affairs arbitration agency of the People's Republic of China involves any of the following circumstances, the people's court shall, after examination and verification by a collegial panel, order to disallow the execution of the award:

(1) the parties have not stipulated clauses on arbitration in the contract or have not subsequently reached a written agreement on arbitration;

(2) the person against whom the application is made is not duly notified to appoint the arbitrator or to proceed with the arbitration, or the said person fails to state its opinions due to reasons for which he is not held responsible;

(3) the composition of the arbitration division or the procedure for arbitration is not in conformity with rules of arbitration; or

(4) matters decided exceed the scope of the arbitration agreement or the limits of authority of the arbitration agency.

If the people's court determines that the execution of the award at issue is against the social and public interest, it shall order to disallow the execution of the arbitration award.

Article 261. If the execution of an arbitration award is disallowed, the parties may, in accordance with the written agreement on arbitration concluded between them, apply to the arbitration agency for arbitration anew, or may file a lawsuit in a people's court.

CHAPTER XXIX JUDICIAL ASSISTANCE

Article 262. In accordance with the international treaties concluded or acceded to by the People's Republic of China or on the principle of reciprocity, the people's courts of China and foreign courts may request each other's assistance in the service of legal documents, in investigation and collection of evidence or in other litigation actions.

If any matter requested by a foreign court for assistance would impair the sovereignty, security or social and public interest of the People's Republic of China, the people's court shall refuse to carry it out.

Article 263. The request for and providing of judicial assistance shall be conducted through channels stipulated in the international treaties concluded or acceded to by the People's Republic of China or through diplomatic; channels.

Any foreign embassy or consulate stationed in the People's Republic of China may serve documents and carry out investigation and collection of evidence with respect to its nationals, provided that the laws of the People's Republic of China shall not be violated and no compulsory measures shall be adopted.

Except for the circumstances prescribed in the preceding paragraph, no foreign organization or individual may, without the consent of the competent authorities of the People's Republic of China, serve documents or carry out investigation and collection of evidence within the territory of the People's Republic of China.

Article 264. The letter of request for judicial assistance and its annexes submitted by a foreign court to a people's court shall be appended with a Chinese translation or a text in other languages specified in the relevant international treaties.

The letter of request and its annexes submitted to a foreign court by a people's court for judicial assistance shall be appended with a translation in the language of the country or a text in other languages specified in the relevant international treaties.

Article 265. The judicial assistance provided by the people's courts shall be carried out in accordance with the procedure stipulated by the law of the People's Republic of China. If a special method is requested by a foreign court, the judicial assistance may also by carried out in such method as requested, provided that the requested special method shall not contradict the law of the People's Republic of China.

Article 266. If a party applies for execution of a legally effective judgment or order made by a people's court and the party subject to execution or its property is not within the territory of the People's Republic of China, it may directly apply for recognition and enforcement to the foreign court which has jurisdiction over the case, or the people's court may, in accordance with the relevant provisions of the international treaties concluded or acceded to by China, or on the principle of reciprocity, request recognition and enforcement by a foreign court.

If a party applies for execution of a legally effective arbitration award made by a foreign affairs arbitration agency of the People's Republic of China and the party subject to execution or its property is not within the territory of the People's Republic of China, it may directly apply for recognition and enforcement to the foreign court which has jurisdiction over the case.

Article 267. If a legally effective judgment or order made by a foreign court requires recognition and enforcement by a people's court of the People's Republic of China, the party concerned may directly apply to the intermediate people's court of the People's Republic of China which has jurisdiction over the case for recognition and enforcement, or the foreign court may, in accordance with the provisions of the international treaties concluded or acceded to by the People's Republic of China or on the principle of reciprocity, request recognition and enforcement by a people's court.

Article 268. If a people's court of the People's Republic of China, after its review in accordance with the international treaties concluded or acceded to by the People's Republic of China or on the principle of reciprocity, considers that the legally effective judgment or order of a foreign court which requires recognition and enforcement does not contradict the basic principles of the law of the People's Republic of

Case 0:10-cv-62187-JAL   Document 5-9   Entered on FLSD Docket 11/12/2010   Page 28 of 28

China nor violates the state and social, public interest of China, it shall render an order on the recognition of its force.

Where an execution is necessary, a writ of execution shall be issued and enforced in accordance with the relevant provisions of this Law; If it contradicts the basic principles of the law of the People's Republic of China or the state and social, public interest of China, the people's court shall refuse its recognition and enforcement.

Article 269. If an award made by a foreign arbitration agency requires the recognition and enforcement by a people's court of the People's Republic of China, the party concerned shall directly apply to the intermediate people's court in the place where the party subject to execution has its domicile or where its property is located. The people's court shall deal with the matter in accordance with the relevant provisions of the international treaties concluded or acceded to by the People's Republic of China or on the principle of reciprocity.

Article 270. This Law shall come into force as of the date of promulgation, and the Civil Procedure Law of the People's Republic of china (for Trial Implementation) shall be annulled as of the same date.

---

**Copyright 2002-2009,all rights reserved.**
**Welcome to give us feedback and comments at**
**E-mail: en_master@chinacourt.org**