UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62187-CIV-LENARD

GUCCI AMERICA, INC.,
a New York corporation,

       Plaintiff,

v.

JIAN YONG LIU and DOES 1-10,

       Defendants.
_____/

**DECLARATION OF ROBERT HOLMES
IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION**

I, Robert Holmes, state and declare as follows:

1. I am over 18 years of age and have personal knowledge of the facts set forth herein. I make this declaration in support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction and Order Authorizing Alternate Service of Process on Defendant ("*Ex Parte* Application").

2. I am an officer of IPCybercrime.com, LLC, a licensed private investigative firm.

3. Gucci America, Inc. ("Gucci") retained my firm to investigate the suspected sale of counterfeit Gucci products by Defendant Jian Yong Liu ( "Liu") via the Internet websites operating under the domain names listed in Schedule "A" to Plaintiff's *Ex Parte* Application (collectively the "Subject Domain Names"). Also, because the physical addresses provided by Defendant in the domain name registrations for the Subject Domain Names are either false or invalid, I was retained to confirm whether the electronic mail ("e-mail") addresses listed by Defendant on the WHOIS registration records for the Subject Domain Names are reliable methods of contact for Defendant.

1

DEFENDANT'S INTERNET WEBSITES

4.      On November 8, 2010, I accessed one of the Internet websites operated by Defendant, frehandbags.com.  Upon accessing the website, I was able to browse the online store for products bearing Gucci trademarks, add products to the online shopping cart, proceed to a point of checkout, and otherwise actively exchange data with the website. I then placed an order for the purchase of a Gucci branded wallet for a total purchase price of $62.00, to be shipped to my address in Wilton Manors, Florida.  My purchase was processed entirely online, which included providing shipping and billing information, payment, and confirmation of my order. True and correct copies of the frehandbags.com webpage listings I printed which show the Gucci branded wallet I purchased together with true and correct redacted copies of the order processing and confirmation web pages are attached hereto as Composite Exhibit "1."

5.      On November 8, 2010, I received an e-mail confirming my purchase of the Gucci branded wallet from the frehandbags.com website, and providing me Defendant's contact e-mail address, [zzl7777@126.com](mailto:zzl7777@126.com).  On November 10, 2010, I sent an e-mail to Defendant via the e-mail address [zzl7777@126.com](mailto:zzl7777@126.com) requesting a tracking number for my order. The e-mail did not bounce back nor was it returned as "undeliverable," thereby demonstrating the e-mail address is valid and operational. Under ordinary circumstances when an e-mail is sent to an invalid address or cannot be received, the e-mail is bounced back to the issuer. Moreover, on November 10, 2010 I received an e-mail response via [zzl7777@126.com](mailto:zzl7777@126.com) confirming my order had been shipped and providing me the EMS online tracking number, thereby demonstrating that Defendant uses this e-mail account in connection with the administration of the Internet website operating under the Subject Domain Name frehandbags.com. Through forensic analysis of e-mail, I traced this e-mail communication to a computer terminal located in China, with an IP

2

address of 119.179.229.100. Thereafter, I accessed the EMS website at http://www.ems.com.cn/english-main.jsp and conducted an online tracking search using the tracking number I received, EE483224075CN. The shipment tracking data traced the shipping origin of the package to China. True and correct copies of the e-mail confirming my purchase of the Gucci branded wallet from the frehandbags.com and e-mail correspondences via zzl7777@126.com together with a true and correct copy of the IP tracking report tracing the e-mail to a computer terminal located in China, and a true and correct copy of the tracking page from the EMS website showing the package was shipped from China are attached hereto as Composite Exhibit "2."

DEFENDANT'S CONTACT INFORMATION

6.  Additionally, I reviewed the WHOIS records for the Subject Domain Names which are attached as Composite Exhibit "2" to the Declaration of Stephen M. Gaffigan in support of Plaintiff's *Ex Parte* Application ("Declaration of Stephen M. Gaffigan").

7.  On November 9, 2010 I sent pretextual e-mails to Defendant via the e-mail addresses gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, zzl7777@126.com, hfjwhu382@126.com, and gr4eewr@126.com, the contact e-mail addresses provided in the contact section of the WHOIS registration records for the Subject Domain Names. The e-mails did not bounce back nor were they returned as "undeliverable," thereby demonstrating the e-mail addresses are valid and operational. Moreover, I received Return Receipts via ReadNotify.com for the e-mails I sent to Defendant via

3

gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, zzl7777@126.com, hfjwhu382@126.com, and gr4eewr@126.com, confirming the e-mails were received on November 9, 2010, thereby conclusively demonstrating that the e-mails were delivered to the recipient and verifying the reliability of the e-mail addresses. True and correct redacted copies of the pretexutal e-mails I sent on November 9, 2010, together with delivery confirmation receipts are attached hereto as Composite Exhibit "3."

ALTERNATIVE PHYSICAL ADDRESS INVESTIGATION

   8. I have conducted an investigation into the contact data provided by Defendant, and my research included all available public records namely the white pages, local and national business directories and the maps available for the provided addresses. I have determined that the physical addresses provided are not valid for Defendant. Furthermore, I have not been able to locate a valid address for any individual by the Defendant's names that I can reasonably believe is the operator of the Internet websites at issue. However, based upon my investigation, I can attest that if process is served upon Defendant by e-mail to the e-mail addresses gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, hfjwhu382@126.com, gr4eewr@126.com, and zzl7777@126.com; the Defendant responsible for operating the subject websites will receive actual notice of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed the _11_ day of November, 2010, at Plano, Texas.

_____
Robert Holmes