UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-62187-CIV-LENARD

GUCCI AMERICA, INC.,
a New York corporation,

        Plaintiff,

  v.

JIAN YONG LIU and DOES 1-10,

        Defendants.
_____/

**ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
AND ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction and Order Authorizing Alternate Service of Process on Defendant (the "*Ex Parte* Application"). Plaintiff Gucci America, Inc. ("Gucci" or "Plaintiff"), moves *ex parte,* for entry of a temporary restraining order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendant Jian Yong Liu (the "Defendant") d/b/a the domain names identified on Schedule "A" hereto (the "Subject Domain Names") pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65. Plaintiff also moves for entry of an order authorizing service of the Summons and Complaint, and all other papers filed in this matter upon the Defendant via e-mail and publication pursuant to Fed. R. Civ. P. 4(f)(3), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

For reasons set forth herein, Plaintiff's *Ex Parte* Application is GRANTED.

I.      **Factual Background**

The Court bases this Order on the following facts from Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions.

Gucci is a corporation duly organized under the laws of the State of New York, with its principal place of business in the United States located at 685 Fifth Avenue, New York, New York 10022. Compl. ¶ 2. Gucci is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under the Gucci Marks. (Declaration of Stacy Feldman in Support of *Ex Parte* Application ("Feldman Decl.") ¶ 5.)

Gucci is, and at all times relevant hereto has been, the owner of all rights in and to the following Federally registered trademarks:

| Trademark | Registration Number | Registration Date |
|---|---|---|
| GUCCI | 0,876,292 | September 9, 1969 |
| GUCCI | 0,959,338 | May 22, 1973 |
| (GG design) | 1,107,311 | November 23, 1978 |
| (Green Red Green Stripe Design) | 1,122,780 | July 24, 1979 |
| GUCCI | 1,168,477 | September 8, 1981 |
| GUCCI | 1,200,991 | July 13, 1982 |
| GUCCI | 1,340,599 | June, 11, 1985 |
| G | 2,234,272 | March 23, 1999 |
| (GG design) | 3,039,630 | January 10, 2006 |
| (GG repeating design) | 3,072,549 | March 28, 2006 |

2

(the "Gucci Marks") which are registered in International Classes 14, 18, and 25, and are used in connection with the manufacture and distribution of, among other things, high quality handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings. (Feldman Decl. ¶ 4 and Composite Exhibit 1 attached thereto).

Defendant has advertised, offered for sale, and/or sold at least handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings, bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Gucci Marks. (Feldman Decl. ¶¶ 9-14; Declaration of Robert Holmes in Support of *Ex Parte* Application ("Holmes Decl.") ¶¶ 4-5). Defendant is not now, nor has he ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Gucci Marks. (Feldman Decl. ¶ 9.)

Plaintiff retained Robert Holmes ("Holmes") of IPCybercrime.com, LLC, to investigate suspected sales of counterfeit Gucci branded products by Defendant. (Feldman Decl. ¶ 10; Holmes Decl. ¶ 3). In November 2010, Holmes accessed the Internet website operating under the domain name frehandbags.com, and placed an order for the purchase of a Gucci branded wallet. (Holmes Decl. ¶ 4 and Composite Exhibit 1 attached thereto). Holmes' purchase was processed entirely online, which included providing shipping and billing information, payment, and confirmation of his order. (Id.) Holmes was able to communicate only electronically in connection with his purchase of the Gucci branded wallet via the frehandbags.com website. (Holmes Decl. ¶¶ 4-5). Specifically, Holmes exchanged e-mail communication with Defendant via his customer service e-mail address zzl7777@126.com. (Holmes Decl. ¶ 5 and Composite Exhibit 2 attached thereto). (Holmes Decl. ¶ 5 and Composite Exhibit 2 attached thereto).

Thereafter, a representative of Gucci, Stacy Feldman, inspected and analyzed the frehandbags.com web page listing as well as a detailed web page capture of the Gucci branded wallet purchased by Holmes and determined the wallet was a non-genuine Gucci product. (Feldman Decl. ¶¶ 12-13.) Additionally, Feldman reviewed and visually inspected the items bearing the Gucci Marks offered for sale on the Internet websites operating under the Subject Domain Names and determined the products were non-genuine products. (Feldman Decl. ¶ 14.)

In addition, Plaintiff requested Huang Yu Ting ("Ting"), an investigator in China, verify the accuracy of the physical addresses and phone numbers Defendant used to register the Subject Domain Names. (Declaration of Huang Yu Ting in Support of *Ex Parte* Application ("Ting Decl.") ¶ 3).  The addresses, however, are false, incomplete, or invalid for service of process on Defendant. (Ting Decl. ¶ 4).  Likewise, Ting determined that Defendant's phone numbers were invalid, disconnected, or otherwise went unanswered.  (Ting Decl. ¶¶ 4).  Furthermore, Ting, as well as Holmes, conducted additional investigation, without success, to determine Defendant's location. (Holmes Decl. ¶ 8; Ting Decl. ¶ 7).

Despite falsifying his physical contact address data, Defendant provided accurate contact e-mail addresses to the domain name registrars for all of the Subject Domain Names. (Holmes Decl. ¶ 7).  On November 9, 2010, Holmes sent pretextual e-mail messages to Defendant via the WHOIS contact e-mail addresses gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, hfjwhu382@126.com, gr4eewr@126.com, and zzl7777@126.com. (Holmes Decl. ¶ 7 and Composite Exhibit 3

4

attached thereto). The e-mails were not bounced back nor returned as "undeliverable," thereby demonstrating the e-mails were delivered and the e-mail addresses are valid and operational. Id; see also Popular Enterprises, LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (finding that an e-mail sent to an e-mail address supplied by defendant to its domain name registrar did not bounce back and presumably reached defendant). Holmes received return receipts demonstrating that all of these e-mails were received on November 9, 2010. (Holmes Decl. ¶ 7).

## II.     Conclusions of Law

The declarations Plaintiff submitted in support of its *Ex Parte* Application support the following conclusions of law:

A.     Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendant's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings, bearing counterfeits, reproductions, and/or colorable imitations of the Gucci Marks, and that the products Defendant is selling are copies of Plaintiff's products that bear copies of the Gucci Marks on handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings. *Feist Publication, Inc. v. Rural Telephone Service, Co., Inc.,* 499 U.S. 340, 361 (1991).

B.     Because of the infringement of the Gucci Marks, Plaintiff is likely to suffer an immediate and irreparable injury if a temporary restraining order is not granted. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998). It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, *Ex Parte* Application, and accompanying declarations on file that immediate and irreparable loss, damage, and injury will result to Plaintiff

and to consumers before Defendant can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

      1.      Defendant is operating Internet businesses which advertise, offer for sale, and sell at least handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings, bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

      2.      There is good cause to believe that more counterfeit and infringing handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings bearing its trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

      3.      There is good cause to believe that if it proceeds on notice to the Defendant on this Ex Parte Application, Defendant can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

      4.      The balance of potential harm to the Defendant in restraining his trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of quality handbags, wallets, belts, scarves, watches, and jewelry, including bracelets, rings, necklaces, and earrings, if such relief is not issued; and

      5.      The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the

palming off of counterfeit goods as genuine goods of the Plaintiff. *See Nike, Inc. v. Leslie*, 227 U.S.P.Q. 574, 575 (M.D. Fla. 1985).

Upon review of Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's *Ex Parte* Application is GRANTED, according to the terms set forth below:

## TEMPORARY RESTRAINING ORDER

(1) Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are hereby temporarily restrained:

(a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Gucci trademarks identified in Paragraph 9 of the Complaint in this matter (the "Gucci Marks"), or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff; and

(b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Gucci Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Gucci Marks, or any confusingly similar trademarks.

(2) Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall immediately discontinue the use of the Gucci Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3) Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order shall

immediately discontinue the use of the Gucci Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under the Subject Domain Names;

(4)   Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5)   The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6)   VeriSign Global Registry Services, the top-level domain (TLD) Registry for the Subject Domain Names, within ten (10) days of receipt of this Temporary Restraining Order shall change the registrar of record for the Subject Domain Names to a holding account with the United States based Registrar GoDaddy.com, Inc.  Upon transfer of the Subject Domain Names into the holding account, GoDaddy.com, Inc. will hold the Subject Domain Names in trust for the Court during the pendency of this action.  Additionally, Go Daddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the Complaint, Summons and Temporary Restraining Order and other documents on file in this action are displayed.

Alternatively, Go Daddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/liu/index.html whereon a copy of the Complaint, Summons and Temporary Restraining Order and other documents on file in this action are displayed. After Go Daddy.com, Inc. has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the Defendant;

(7) Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendant which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

(8) Defendant shall preserve copies of all his computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order;

(9) This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

**BOND TO BE POSTED**

(10) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond

prior to requesting the Registrars or Registry to transfer control of the Subject Domain Names to the Court registry;

## PRELIMINARY INJUNCTION

(11)   A hearing is set before this Court in the United States Courthouse located at 400 North Miami Ave., Miami, Florida 33128, Courtroom 12-1, on _____, 2010, at _____, or at such other time that this Court deems appropriate, on Plaintiff's Motion for a Preliminary Injunction restraining Defendant, his officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant from engaging in the activities that are subject of the above Temporary Restraining Order;

(12)   Plaintiff shall serve a copy of the *Ex Parte* Application and this Order on Defendant via his known e-mail addresses, gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, hfjwhu382@126.com, gr4eewr@126.com, and zzl7777@126.com;  and by posting a copy of the *Ex Parte* Application and this Order on the website located at http://servingnotice.com/liu/index.html on or before _____, 2010, and such notice given shall be deemed good and sufficient service thereof. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served of Plaintiff's counsel forty-eight (48) hours prior to the hearing set for _____, 2010, and filed with the Court, along with Proof of Service, on _____, 2010.  Plaintiff shall file any Reply Memorandum on or before _____, 2010.  The above dates may be revised upon stipulation by all parties and approval of this Court.  Defendant is hereby on

notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against him pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65;

**ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANT**

(13)    Plaintiff shall serve the Summons, Complaint, and all subsequent pleadings and discovery in this case upon Defendant via e-mail to the following e-mail addresses: gjirrrg545@163.com, rfjgri34r5@126.com, dropshippingwatch@yahoo.com.cn, dh3hf8@163.com, ehyfuehufj@163.com, jsnfj34r@163.com, hf8e38f@126.com, fkgji434t@163.com, uhreuyu@163.com, sfd5g45@126.com, jhheww54@126.com, buy7777@126.com, eojfi8458@126.com, jhfue3939@163.com, kdgk4546@163.com, tiantian58185@126.com, hfjwhu382@126.com, gr4eewr@126.com, and zzl7777@126.com;

(14)    Plaintiff, in addition to serving copies of the Complaint and Summons via e-mail, shall effectuate service of process via publication by posting a copy of the Complaint and Summons on the website described above, http://servingnotice.com/liu/index.html.

DONE AND ORDERED in Miami, Florida, this ___ day of _____, 2010.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

# SCHEDULE "A"
# SUBJECT DOMAIN NAMES

beautifulrolex.com
cutegucci.com
dropshippingwatch.com
dropshippwatch.com
freedomhandbags.com
frehandbags.com
freplicahandbags.com
frreplicahandbags.com
hermesosale.com
hermesreplicabags.com
honeygucci.com
luxuriesreplica.com
luxuryreplicas.net
msnbags.com
pradashower.com
replica8bags.com
replicabags8.com
replicahandbagsone.com
replicas2010.com
replicawatchesmart.com
replicawatchmart.com
topshowbrand.com